# Trustee Building and Loan Association *v.* The Liverpool and London and Globe Insurance Co., Ltd. of London, Appellant.

*Fire insurance—Mortgagee clause—Effect of.*

In an action of assumpsit by a mortgagee on a policy of fire insurance containing a union mortgagee clause, it is no defense that the owner of the property had another policy of insurance on the same premises.

Provisions in such policy making the defendant liable only pro rata with other companies, carrying insurance on the same premises on the application of the owner, do not apply to the mortgagee.

The effect of adding the union mortgagee clause to the policy is to constitute an insurance of the mortgagee's interest, distinct from that of the owner, and the result is a new insurance contract composed of the provisions in the clause and such of those in the policy as are essentially applicable to the mortgagee clause and the mortgagee's interest. Not all of the provisions of the contract with the owner stated in the policy govern the contract insuring the mortgagee's interest.

*Affidavit of defense—Admissions—Fire insurance—Proofs of loss.*

Where, in an action by a mortgagee on a fire insurance policy, the affidavit of defense avers an offer of a pro rata share of a total admitted liability based on the proofs of loss the defendant cannot question the sufficiency of the proofs of loss.

Argued March 14, 1928. Appeal No. 382, October T., 1927, by defendant from judgment of C. P., No. 2, Philadelphia County, June T., 1927, No. 9726, in the case of Trustee Building and Loan Association v. The Liverpool and London and Globe Insurance Co., Ltd., of London. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit by mortgagee on a policy of fire insurance, containing a union mortgage clause. Before GORDON, JR., J.

The following Mortgage Clause was attached to the policy of insurance:

Attached to and forming part of Policy No. P-36015 of

The Liverpool and London and Globe Insurance Company, Ltd., N. Y., Penna., N. J. and Conn. Standard.

## Mortgage Clause

Loss, or damage, if any, under this policy, shall be payable to      Trustee Building and Loan Association       as        mortgagee [or trustee], as interest may appear and this insurance, as to the interest of the mortgagee [or trustee] only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; Provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee [or trustee] shall, on demand, pay the same.

Provided, also, that the mortgagee [or trustee] shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee [or trustee], and unless permitted by this policy, it shall be noted thereon and the mortgagee [or trustee] shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void.

This company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee [or trustee] for ten days after notice to the mortgagee [or trustee] of such cancellation and shall then cease, and this company shall have the right, on like notice, to cancel this agreement.

Whenever this company shall pay the mortgagee

[or trustee] any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may, at its option, pay to the mortgagee [or trustee] the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee [or trustee] to recover the full amount of their claim.

Rule for judgment for want of a sufficient affidavit of defense.

The rule was made absolute. Defendant appealed.

*Error assigned* was the judgment of the court.

*Horace Michener Schell,* for appellant.

*Arthur S. Arnold,* and with him *H. H. Cohen,* for appellee.

OPINION BY LINN, J., April 16, 1928:

An insurance company appeals from judgment of $1,257 for want of a sufficient affidavit of defense in a suit by a mortgagee on a policy of fire insurance containing a union mortgagee clause, of which a copy will be found in the reporter's statement of the case. The mortgage debt was $3,000, the fire loss was $1,257.

Of the defenses suggested the only one requiring notice arises on the averment that the owner (without mortgagee's knowledge) also had another policy of insurance on the same premises, and that therefore the defendant could apply against the mortgagee the prorating clause in the policy applicable between the de-

fendant and the owner, and was accordingly required to pay the plaintiff only the proportion which the amount of the policy in suit bore to the amount of both policies taken out by the owner. On that basis defendant tendered $471.38.

That point is closed against defendant in Pennsylvania. It is settled that the effect of adding the union mortgagee clause to the policy is to constitute an insurance of the mortgagee's interest,—an interest distinct from the owner's,—and that the result is a new insurance contract composed of the provisions in the clause and such of those in the policy as are essentially applicable to the mortgagee-clause and the mortgagee's interest; that not all of the provisions of the contract with the owner stated in the policy govern the contract insuring the mortgagee's interest: Assoc. v. Insurance Co., 66 Pa. Superior Ct. 90; Reed v. Insurance Co., 67 Pa. Superior Ct. 110; Swoope v. U. S. Fire Ins. Co., 87 Pa. Superior Ct. 349. This conclusion is in accord with the weight of authority on the subject; see Joyce on Insurance, Vol. 3, section 2795; Richards' Insurance Law, 396 etc.; Cooley Briefs on Insurance, Vol. 1, p. 777.

Two other questions involved are stated, but neither requires discussion. It is asked whether the proofs of loss are sufficient. The affidavit of defense pleads a letter from defendant to plaintiff, based on the proofs of loss submitted, stating that a tender had been made and that the letter should be accepted as a continuing tender to plaintiff of the proportion of the total insurance as an admitted liability on defendant's theory of pro-rating already stated. It follows that as against the mortgagee, plaintiff, no defense as to the sufficiency of the proof of loss is open under the affidavit of defense, Simons v. Fire Ins. Co., 277 Pa. 200. The same is true of the other question suggested to the effect that the statement of claim does not aver that the debt secured by the mortgage is due; there are several

answers to this, the most obvious on the record being that the affidavit of defense does not aver that it is not due; but in any event, it does not concern the insurance company..

Judgment affirmed.