Beaver Falls B. & L. Assn., Appellant, *v.*
Allemania Fire Ins. Co.

Argued October 7, 1931. Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW,
JJ.

*Philip E. Hamilton,* for appellant.

*Horace Michener Schell* and *Harold F. Reed,* of *Reed
& Ewing,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, November 23,
1931:

This action was brought by plaintiff on a policy of
fire insurance. It is the holder of a mortgage for $3,600
on the premises covered by the policy, which is for

$2,000. The property was destroyed by fire and the owner and the company under the terms of the policy entered into an appraisal agreement, of which the mortgagee did not have notice. To the resulting appraisement it was not a party. The appraisers fixed the loss at $1,200. Plaintiff refused this sum, brought this suit and, upon a showing that the cash value of the property at the time of the fire was $2,000, recovered a verdict for $1,962, upon which judgment was entered. On appeal to the Superior Court, the judgment was reversed and judgment was entered in plaintiff's favor for $1,200, with interest from a named date. On plaintiff's petition, we allowed an appeal and the single question presented is, whether it is bound by the appraisal agreement entered into by the owner and the insurance company, and the resulting award. Our conclusion is that it is not.

The rights of the mortgagee are fixed by a clause attached to the policy called "Standard Mortgage Clause." It recites: "Loss or damage, if any, under this policy, shall be payable to Beaver Falls B. & L. Assn., No. 1220 7th Avenue., Beaver Falls, Pa., mortgagee (or trustee) as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other procedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous then are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same. Provided, also, that the mortgagee (or trustee) shall notify this company of any change of ownership or occupancy or increase of hazard, which shall come to the knowledge of said mortgagee (or trustee) and, un-

less permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void. This company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for ten days after notice to the mortgagee (or trustee) of such cancellation and shall then cease, and this company shall have the right, on like notice, to cancel this agreement. Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option, pay to the mortgagee (or trustee) the whole principal due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of their claim.

"Attached to and forming part of policy No. 354164 of the Allemania Fire Insurance Company of Pittsburgh."

It will be noticed that this clause assures to the mortgagee certain rights not given by the policy and not given to the owner. It is not part of the standard form provided by the act of assembly but is in addition thereto. The body of the policy also provides that the loss, if any, is payable to the Beaver Falls B. & L. Association as its interest may appear "subject, nevertheless, to all the conditions of this policy." One of its conditions is: "Mortgage interests. If loss or damage is made payable, in whole or in part, to a mortgagee not

named herein as the insured, this policy may be cancelled as to such interest by giving to such mortgagee a ten days' written notice of cancellation. Upon failure of the insured to render proof of loss, such mortgagee shall, as if named as insured hereunder, but within sixty days after such failure, render proof of loss, and shall be subject to the provisions hereof as to appraisal and time of payment and of bringing suit. On payment to such mortgagee of any sum for loss or damage hereunder, if this company shall claim that as to the mortgagor or owner no liability existed, it shall, to the extent of such payment, be subrogated to the mortgagee's right to recovery and claim upon the collateral to the mortgage debt, but without impairing the mortgagee's right to sue, or it may pay the mortgage debt and require an assignment thereof and of the mortgage; other provisions relating to the interests and obligations of such mortgagee may be added hereto by agreement in writing."

The position of the Superior Court and of the company is briefly this: That the loss is payable to the mortgagee "under the provisions of the policy," and, as the policy stipulates that in case the insured and the company shall fail to agree as to the amount of the loss there shall be an appraisement, and that the award of the appraisers shall determine the amount of the loss; that loss was determined strictly in accordance with the terms of the policy. That the loss as determined is payable to the mortgagee "as interest may appear," and that there is no provision that the mortgagee shall be a party to the appraisal proceedings, and, if it had been intended that the mortgagee was not to be bound thereby, it should have been so stipulated. That the procedure followed the requirement of the covenant agreed upon, and, as there is no provision in the contract requiring notice to plaintiff of the appraisal, the appraisal agreement is binding upon the mortgagee and it can only recover the amount fixed by the award. We

think this entirely overlooks the provisions of the mortgagee clause giving the mortgagee certain rights. The express language of that clause is: "This insurance as to the interest of the mortgagee shall not be invalidated by *any* act......of the mortgagor or owner." If the defendant's contention shall prevail, part of plaintiff's interest will have been invalidated by the act of the owner in entering into the appraisal agreement without the mortgagee's assent. As between the mortgagee and the company, the language of the clause must be permitted to operate, and, so operating, no act of the owner can deprive the mortgagee of the protection which the policy afforded it, to the full value of the property insured for its benefit.

The defendant contends that as the form of the policy is prescribed by statute (Act of May 17, 1921, P. L. 682) the statute requires arbitration and appraisal of loss by the company and the owner, and makes the same binding upon the mortgagee. We cannot lend our assent to such a construction of the provisions of the statute (Gratz v. Insurance Co. of North America, 282 Pa. 224). All it does is to prescribe a form, and to provide for an appraisal, so far as the mortgagee is concerned, in the event that the mortgagee seeks to recover the loss upon failure of the insured to render proofs of loss, which, of course, is not the situation with which we are dealing. It is also argued in the defendant's behalf that the provision that the interest of the mortgagee shall not be invalidated by any act of the owner refers only to acts prohibited by the contract or to the failure on the part of the owner to do what is required by the terms of the policy. The answer to this is that the language is not so limited,—it covers the widest field, "any act." The Superior Court and the defendant in their conclusions follow the line of thought expressed in Erie Brewing Co. v. Ohio Farmers Ins. Co., 81 Ohio St. 1 (89 N. E. 1065). We are unable to concur in the views there expressed. In our opinion,

the rights of the mortgagee were fixed by the mortgagee clause attached to the policy, and the owner, without the mortgagee's assent, could not affect its rights.

The judgment of the Superior Court is reversed and that of the common pleas is reinstated and affirmed.