## Abbottsford B. & L. Assn. v. William Penn Fire Ins. Co.

*Joseph P. Tunney*, for plaintiff.
*James J. Breen*, for defendant.

MACNEILLE, J., June 10, 1935.—We are considering first a rule for judgment for want of a sufficient affidavit of defense, and secondly plaintiff's reply raising questions of law as to defendant's new matter.

Plaintiff, mortgagee, is suing the defendant insurance company under the mortgagee clause of insurance designating the plaintiff as mortgagee and forming part of the insurance policy and made part thereof. This clause designates plaintiff as the one to whom "Loss or damage, if any, under this policy, shall be payable . . . as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property. . . . Provided, also, that the mortgagee (or trustee) shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee)". Relying upon this clause, the affidavit of defense avers that the policy covered a dwelling house, and at the time it was issued the premises were occupied solely as a dwelling, but that during the year of 1932, in addition to dwelling purposes they were used for commercial purposes, namely as a photographic establishment where highly inflammable materials were used and kept on the premises, and that the fire giving rise to the loss originated among such chemicals and "that the plaintiff had actual knowledge of this change of occupancy, and increase of hazard, and failed to notify the defendant, or to pay the additional premium due thereon".

We think this part of the pleading is not sufficiently specific. It is not enough to say that the plaintiff had actual knowledge, but the time that plaintiff acquired this knowledge should be set forth in order to show whether it acted promptly in notifying the defendant, as was its duty to do. As far as we can tell from this pleading it may not have discovered the presence of the inflammable material until just before the fire, but the affidavit of defense, under new matter, reveals a reason which shows that even if this part of the pleading were specific, it probably would not constitute a defense. This is due to the fact that the defendant sets out under new

matter that on February 16, 1935, it notified the plaintiff that it exercised its option to repair, rebuild and replace the damaged property, and in the sixteenth paragraph, under the heading of new matter, avers that it carried out what it regarded as its option in the matter, and that at its expense it did completely repair the damage caused by the fire and did completely restore the building and replace all materials damaged by the said fire with others of like kind and quality. Thus it is apparent that the defendant company did not stand on any right which it thought it had to cancel the policy because of the alleged failure of the plaintiff to notify it of the change of occupancy.

We are of the opinion that the affidavit of defense, insofar as it seeks to avoid liability on the ground that the plaintiff had failed in giving proper notice is insufficient.

We may now consider the reply to new matter raising questions of law in lieu of a demurrer.

As we regard it, the effectual pleading under new matter is that the defendant rebuilt and replaced the damaged property. This it did in pursuance of the provisions of the policy which is as follows:

"It shall be optional with this Company to take all or any part of the articles at the agreed or appraised value, and also to repair, rebuild, or replace the property lost or damaged with other of like kind and quality, within a reasonable time, giving notice of its intention so to do prior to thirty days after ascertainment of loss or damage is made, as herein provided."

It appears from the pleading that on February 16, 1935, or within 30 days after the ascertainment of the loss or damage, the defendant properly notified the plaintiff, and within reasonable time completed the restoration. The plaintiff contends that the mortgagee clause created an entirely new contract between the defendant insurance company and itself, which bears no relation to the remainder of the insurance contract, and since the mortgagee clause says: "Loss or damage, if any, under

this policy shall be payable to Abbottsford Building & Loan Association", that therefore the company is obliged to pay money to the mortgagee and cannot exercise an option to restore the property.

No decision has been pointed out to us that could establish such a rule. The plaintiff cites Trustee B. & L. Assn. v. The Liverpool and London and Globe Insurance Co., Ltd. of London, 93 Pa. Superior Ct. 242. In that case a mortgagee brought assumpsit based on a mortgagee clause attached to a policy and the defense submitted was that the owner of the property had another policy of insurance and therefore that the loss should be prorated with other companies. There is no difficulty understanding this decision. It is squarely in accord with the mortgagee clause, which said the loss, if any, is payable to the mortgagee. In defiance of that clause the insurance company sought to pay only the prorata share because the owner of the property had taken other insurance, and as to the owner the prorating did apply. This much of the insurance contract with the owner was inconsistent with the mortgagee clause and could not apply to the mortgagee. That case decided that as a result of the mortgagee clause a new insurance is contracted, composed of the provisions in the clause and such of those in the policy as are essentially applicable to the mortgagee clause and the mortgagee's interest, that not all of the provisions of the contract with the owner stated in the policy govern the contract insuring the mortgagee's interest.

This was likewise decided in Knights of Joseph B. & L. Assn. v. Mechanics' Fire Ins. Co. of Phila., 66 Pa. Superior Ct. 90.

Plaintiff cites Beaver Falls B. & L. Assn. v. Allemania Fire Ins. Co., 305 Pa. 290, which case we have examined. The only thing which we can find in that case which is pertinent to the question before us, is that it decides that the mortgagee's interest cannot be invalidated by the act of the owner or mortgagor unless the violation were one

of which the mortgagee had notice and neglected to act promptly thereon.

We think the real question involved is whether or not the defendant had a right to exercise the option set forth in the policy which permitted it to repair and restore the property. This clause seems to us to be an integral part of the contract, and is as follows:

"It shall be optional with this company to take all or any part of the articles at the agreed or appraised value, and also to repair, rebuild, or replace the property lost or damaged with other of like kind and quality, within a reasonable time, giving notice of its intention so to do prior to thirty days after ascertainment of loss or damage is made, as therein provided."

If this clause is applicable to the mortgagee, the defense is a proper one as a matter of course.

In Fire Association v. Rosenthal, 108 Pa. 474, the Supreme Court, speaking by Mr. Justice Clark, said: "that when an election is open between alternative conditions of a contract, the alternative chosen must be adhered to; an election once made is irrevocable. . . . When an insurer elects to repair under a clause in the policy giving that right, the conditions of the contract which before were alternate, are thereby resolved into an absolute agreement."

Under this interpretation the original contract by virtue of the election becomes a contract to rebuild. The result of this principle is that any suit to be brought must be on the basis of recovery for damage for failure to perform properly or within reasonable time rebuild, repair or restore the property. This is amply supported in other states, and is particularly covered in Heilman v. The Westchester Fire Ins. Co., 75 N. Y. 7.

This matter is also discussed in Savarese et al. v. Ohio Farmers Ins. Co. et al., 260 N. Y. 45, 182 N. E. 665, and in the State Bank of Chilton et al. v. Citizens Mutual Fire Ins. Co., etc., 214 Wis. 6, 252 N. W. 164.

In the Savarese case the mortgagor himself made the

repairs. Upon a suit against the insurance company by the mortgagee the defense was that the security had been restored. The court decided that the act of the owner in making the repairs was not for or in behalf of the company or as its agent; it was done even without the consent of the company and without the knowledge or consent of the mortgagee. The court said:

"The time of the fire and of the loss established the rights of the parties, and in the absence of an election by the company to repair, the amount of the loss payable to the mortgagee became fixed as of that time. No act or neglect of the owner could invalidate or impair the mortgagee's rights under their separate policy of insurance as thus vested at the time the loss occurred."

The effect of permitting the owner's action to control might result in great delay, and the owner might act only after suit brought by the mortgagee, and thus defeat the mortgagee's rights. While this case did not turn upon the right of the insurer to exercise its option, yet the court did say: "The policy gives to the insurance company certain options which are as binding upon the mortgagee as upon the mortgagor. One of them relates to repairs", and the clause to which the court referred in saying this is similar to the optional clause in the instant case.

We are of the opinion that the mortgagee suffers no loss where the insurance company exercises its option to repair and restore. The insurance is in the nature of an indemnity, having as its object the preservation of the property as security for the mortgage. If the company does this there is no loss to the mortgagee, but if in the exercise of that option the insurer does not perform it properly, the mortgagee may recover damages. If it does not exercise its option to restore the property there is a loss payable to the mortgagee, and this obligation must be met under the mortgagee clause.

As we view this case, the defendant insurance company has waived its right to complain of any failure on

the part of either the insured or the mortgagee to notify it of any change of occupancy, although this may have increased its risk. We think that in exercising its option to repair and restore the property it is within its rights and to that extent has set forth a good defense.

Wherefore, the questions of law are dismissed and the rule for judgment discharged.