## Abbottsford Building and Loan Association, Appellant, *v.* William Penn Fire Ins. Co.

Argued October 6, 1937.

Before KELLER, P. J. CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Joseph J. Tunney,* with him *Robert Brannan,* for appellant.

*Emanuel Moss,* of *Moss & Moss,* for appellee.

OPINION BY RHODES, J., March 4, 1938:

This is an action of assumpsit by a mortgagee to recover the loss alleged to have been suffered by it as the result of damage caused by fire to the building on the mortgaged real, estate. The action was based on the mortgagee clause attached to two standard fire insurance policies issued by defendant to the mortgagor owner and insuring her from the 8th day of October, 1926, to the 8th day of October, 1936, against all direct loss and damage by fire to the extent of $2,700 to the building on her property in Delaware County.

The policies, which were identical except as to the amount, provided: "It shall be optional, however, with this company to take all, or any part, of the articles at such ascertained or appraised, value, and also to repair, rebuild, or replace the property lost or damaged with other of like kind and quality within a reasonable time on giving notice, within thirty days after the receipt of the proof herein required, of its intention so to do; but there can be no abandonment to this company of the property described."

The mortgagee clause attached to the policies is printed in the margin.[1]

---

[1] "Loss or damage, if any, under this policy, shall be payable to Abbottsford Building & Loan Association, mortgagee (or trustee), as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other

On January 8, 1935, the building mentioned in the policies of insurance was damaged by fire. The agreed amount of the damage caused was $1,238. On February 16, 1935, defendant, within thirty days after the ascertainment of loss or damage, notified plaintiff that it exercised its option to repair, rebuild, and replace the damaged property. Plaintiff demanded payment of the loss directly to it.

---

proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy. Provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same.

"Provided, also, that the mortgagee (or trustee) shall notify this company of any change of ownership or occupancy or increase of hazard which shall come·to the knowledge of said mortgagee (or trustee) and unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void.

"This company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for ten days after notice of the mortgagee (or trustee) of such cancellation and shall then cease and this company shall have the right, on like notice, to cancel this agreement.

"Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payments shall be made, under all securities held as collateral to the mortgage debt, or may at its option pay to the mortgagee (or trustee) the whole principal due or [to] grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of its claim.

"Attached to and forming part of Policy No. 347 of WM. PENN FIRE INSURANCE CO. OF PHILADELPHIA."

Plaintiff claimed that the mortgagee clause created a separate, distinct, and independent contract between defendant and itself, which was only a paying contract, and that, therefore, defendant could not exercise the option in the policy to repair, etc., the damage caused by the fire and restore the building. It was admitted that defendant replaced the destroyed materials and restored the damaged building.

Defendant's defense to plaintiff's claim was that it had repaired and restored the property in accordance with the option in the policies.

At the trial, the trial judge affirmed defendant's point for binding instructions. The court in banc dismissed plaintiff's motion for judgment n. o. v. upon the whole record. Plaintiff has appealed from the judgment entered on the verdict in favor of defendant.

The question for our determination is whether the admitted restoration by appellee of the damaged property to its original condition precludes appellant mortgagee from recovering the agreed amount of the loss.

The authorities are in accord on the proposition that such a mortgagee clause attached to a standard policy of insurance creates "a new insurance contract composed of the provisions in the clause and such of those in the policy as are essentially applicable to the mortgagee-clause and the mortgagee's interest": *Trustee Building and Loan Association v. Liverpool and London and Globe Ins. Co., Ltd., of London*, 93 Pa. Superior Ct. 242, at page 245. Again this court said in *Knights of Joseph Building and Loan Association v. Mechanics' Fire Insurance Co. of Philadelphia*, 66 Pa. Superior Ct. 90, at page 94: "The mortgagee clause with the contract of insurance creates a new agreement between the company and the mortgagee. It does not include all the provisions of the policy, and contains many provisions not included in it." See, also, *Reed v. Saint Paul*

*Fire & Marine Insurance Co.,* 67 Pa. Superior Ct. 110, 117.

It follows that the policies with the mortgagee clause attached created, in the instant case, two contracts with appellee, the one insuring the interest of the mortgagor owner, and the other protecting appellant's interest as mortgagee; and the mortgagor owner, by act or failure to act, could not nullify or decrease the amount of protection which the policies afforded appellant. See *Beaver Falls Building and Loan Ass'n v. Allemania Fire Ins. Co.,* 305 Pa. 290, 157 A. 616. The fire insurance policies were personal contracts; the building itself was not insured by the policies; they provided indemnity for loss to an insurable interest; appellant, as mortgagee, and the mortgagor owner had separate insurable risks. See *Gorman's Estate,* 321 Pa. 292, 295, 184 A. 86. Insurance of the interest of a mortgagee against loss by fire may be obtained: (1) By a policy which is procured by and issued to the mortgagee, and which is intended solely as insurance for the interest of the mortgagee, the benefit being payable to the mortgagee and no other; (2) by an assignment to the mortgagee of a policy insuring the owner; (3) under a simple loss-payable or open-mortgage clause, the mortgagee being simply an appointee of the insurance fund; (4) by virtue of a mortgagee clause, such as attached to the policies in this case. See Couch on Insurance, vol. 5, §§ 1215-1215d. The use of the last method, in the instant case, made the policies operate as an insurance of the interest of the mortgagor owner and appellant separately; it gave appellant the same benefit as if it had taken out a separate policy free from the conditions imposed upon the mortgagor owner. The mortgagee clause provided that the insurance as to the interest of appellant would not be invalidated by any act or neglect of the mortgagor or owner, or by any foreclosure or other proceedings or notice of sale relating

to the property, or by any change in the title or owner-ship of the property, or by the occupation of the premises for purposes more hazardous than were per-mitted by the policies. Protection was thereby given to appellant beyond that given to the mortgagor owner by the policies themselves.

"It must be admitted that the mortgagee clause is not an independent contract in the sense that none of the terms of the policy applies to it. It is not in itself complete, but becomes so by reading the policy in con-nection with it, and the reading of the two together does not clash with the notion that the mortgagee clause creates an independent contract between the company and the mortgagee. The policy furnishes the terms of the contract between the owner and the in-surer. The mortgagee clause is the contract between the insurer, and the mortgagee, quite separate from the policy, yet ingrafted upon it, and to be understood by reference to the policy which renders it certain and complete. The policy, therefore, may be looked at for the purpose of showing what the mortgagee contract refers to and establishes, which is quite different, how-ever, from examining the policy for the purpose of defeating the ingrafted contract. The court of ap-peals of New York in *Eddy v. London Assur. Corp.*, 143 N. Y. 311, 25 L. R. A. 686, 38 N. E. 307, referring to the mortgagee clause, says: 'The controlling idea was a separate insurance of the mortgagee, freed from the conditions attached to the insurance of the owner, and not to be impaired or weakened by any act or neg-lect of such owner. ...... By taking the insurance in the manner the mortgagee herein did, instead of tak-ing out a separate policy, all the provisions in the policy which from their nature would properly apply to the case of an insurance of the mortgagee's interest would be regarded as forming part of the contract with him, while those provisions which antagonize or im-

pair the force of the particular and specific provisions contained in the clause providing for the insurance of the mortgagee must be regarded as ineffective and inapplicable to the case of the mortgagee' ": *Reed, Adm'r, et al. v. Firemen's Insurance Company of Newark, New Jersey*, 81 N. J. L. 523, at page 525, 80 A. 462, at page 463, 35 L. R. A. (New Series) 343.

Had appellant procured a separate policy of insurance, insuring its own interest as mortgagee, the standard form of policy so issued would have necessarily contained the provision permitting appellee to elect to repair, rebuild, or replace the property lost or damaged. See Act of May 17, 1921, P. L. 682, art. 5, §523 (40 PS §658). Clearly, in that event the option in the policy on the part of appellee to repair, etc., would have been applicable to appellant's interest.

The property here involved has been fully restored; appellant, in fact, stands no loss. The property upon which its security rested has been replaced and is now of the same nature and value as that which was destroyed. The option to repair, etc., is of course for the benefit and protection of appellee, and is one of two ways of discharging appellee's obligation under the policies. The mortgagee clause itself refers to "loss or damage, if any, under this policy." The only loss appellee has agreed to pay to appellant is loss or damage "under this policy"; i. e., loss or damage by fire to the property. There is no loss to appellant in the sense of right to money damages, if, in accordance with the terms of the policies, appellee elects to, and does fully, repair, rebuild, or replace the property. See *State Bank of Chilton et al. v. Citizens' Mut. Fire Ins. Co. of Janesville (Wis.)*, 252 N. W. 164.

The purpose of the insurance was effectuated by complete repair and restoration of the damaged property, and appellant's interest was properly protected. See *Excelsior Fire Insurance Company et al. v. Royal*

*Insurance Company of Liverpool*, 55 N. Y. 343, 359, 14 Am. Rep. 271. Appellee thus met its obligation under its contract with appellant. It was under no further obligation to pay any "loss or damage" "under the policy" to appellant. We are of the opinion that the option to repair, etc., was applicable to the mortgagee clause and appellant's interest, and was binding upon it.

Appellant relies mainly on *Ebensburg Building and Loan Ass'n v. Westchester Fire Ins. Co.*, 28 Pa. Superior Ct. 341. That case does not rule this case. There it was held that an action could be brought on a standard policy of fire insurance containing a mortgagee clause in the name of the mortgagee alone; that such mortgagee clause attached to the policy was notice to the insurance company of the rights of the mortgagee; and that, if the company, without the consent of the mortgagee, paid the amount of the loss to the mortgagor, it was still liable to the mortgagee. Judgment was there entered for plaintiff for want of a sufficient affidavit of defense where the affidavit of defense did not aver a tender of the money to the plaintiff mortgagee and a demand of an assignment of the plaintiff's claim for the purposes of subrogation. There is a marked distinction between the payment by the insurance company of the loss in cash to the mortgagor, without the consent of the mortgagee, and, as in the instant case, the repair and restoration of the damaged property by the insurer under the option in the policy. The option to repair, etc., when exercised is not equivalent to paying the loss to the mortgagor or owner in cash without the mortgagee's consent. In the first instance the insurer disregards its contract with the mortgagee, and in the second it acts in accordance with such contract.

Finally, appellant questions the right of appellee to pro rate the cost of the repairs with another insurance

company. It appears that another insurer had a policy of $4,500 with the mortgagor owner, and both insurers pro rated the loss between them. It was a voluntary arrangement. Appellee gave notice to appellant of the exercise of its option to repair; it contracted for the repairs; the property lost or damaged was thereby completely restored. Its obligation to appellant was fulfilled. If another insurance company voluntarily contributed to appellant toward the cost of such repairs, appellant had no cause to complain. The cases[1] cited by appellant have no application, as the only question that concerned appellant was whether, under the mortgagee clause, it was bound by the exercise of the option in the policies, which permitted appellee to repair, rebuild, or replace the lost or damaged property.

Assignments of error are overruled.

Judgment is affirmed.

---

[1]*Beaver Falls Building and Loan Ass'n v. Allemania Fire Ins. Co.,* 305 Pa. 290, 157 A. 616; *Knights of Joseph Building and Loan Ass'n v. Mechanics' Fire Ins. Co. of Philadelphia,* 66 Pa. Superior Ct. 90; *Reed v. Saint Paul Fire & Marine Ins. Co.,* 67 Pa. Superior Ct. 110; *Swoope v. United States Fire Insurance Company,* 87 Pa. Superior Ct. 349; *Trustee Building and Loan Association v. Liverpool and London and Globe Insurance Co., Ltd., of London,* 93 Pa. Superior Ct. 242; *Clarke & Cohen v. Real,* 105 Pa. Superior Ct. 102, 159 A. 454.