## DeMauro v. Hartford Fire Insurance Company

*Robert E. Jamison,* for plaintiff.
*Robert W. Murdoch,* for defendant

CHERRY, *S. J.,* and SALMON, *S. J., Specially Presiding,* October 17, 1979—This case is presently before the court on defendant's motions for summary judgment, judgment on non pros and termination of inactive case.

The parties have stipulated to the following facts: plaintiffs, James R. DeMauro and Antonio Ricco d/b/a Olympia Spa, Inc., owned real estate and a building in Ellwood City, Pa., where they conducted their business. In order to protect this property, they had a fire insurance policy (No. 40FS395719) issued to them by defendant, Hartford Fire Insurance Co., on January 21, 1974, effective for three years. On December 30, 1974, plaintiff Riccio wrote to defendant, requesting cancellation of this policy, effective January 1, 1975. On January 15, 1975, defendant sent a letter to plaintiffs' mortgagee, First Federal Savings and Loan Association of Beaver Falls, Pa., stating the effective date of cancellation was January 25, 1975. On January 14, 1975, the property was struck by fire. The present suit was filed by plain-

tiffs on July 15, 1975, and alleges that the policy was in effect at the time of the fire.

It is clear from this stipulation that no genuine issue as to material facts exists. The only issue to be resolved is what the effective date of cancellation was, as a matter of law. The court may therefore properly enter a summary judgment: Ritmanich v. Jonnel Enterprises, Inc., 219 Pa. Superior Ct. 198, 280 A. 2d 570 (1971).

In addition to the standard language required by the Act of May 17, 1921, P.L. 682, as amended, 40 P.S. §636, that "This policy shall be cancelled at any time at the request of the insured . . .," the present policy also contained a standard "Mortgagee Clause." This clause provides in part that:

"Losses, if any, under this policy, shall be payable to the aforesaid as mortgagee (or trustee) as interest may appear under all present or future mortgages upon the property herein described . . . and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the victim described property . . . provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same . . .

This Company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for 10 days after notice to the mortgagee (or trustee) of such cancellation and shall then cease and this Company shall have the right, on like notice, to cancel this agreement."

The effect of mortgage clauses has often been litigated. The cases hold that when an insurance

contract does contain such a clause, acts of the *mortgagor* cannot, by themselves invalidate the insurance *as to the mortgagee:* Satchell v. Insurance Placement Facility of Pa., 241 Pa. Superior Ct. 287, 361 A. 2d 375 (1976); Abbottsford Building & Loan Association v. William Penn Fire Ins. Co., 130 Pa. Superior Ct. 422, 197 Atl. 504 (1938).

Here, however, plaintiffs are not the mortgagee, but the mortgagors. They contend that the mortgagee clause acts to prohibit cancellation not only as to the mortgagee's interest but also as to the mortgagor's interest. We cannot agree with this position.

A standard mortgagee clause does not merely designate a beneficiary, but also creates a separate contract of insurance between the mortgagee and the insurer: Aetna Insurance Co. v. Kennedy, 301 U.S. 389, 57 S.Ct. 809, 81 L.Ed 1177 (1937); Satchell, supra; see also, 11 Couch on Insurance 2d §42:694; 5A Appleman, Ins. Law & Practice §3401. Furthermore, where, as here, the contract states that "the interest of the mortgagee (trustee) *only"* (emphasis supplied), shall not be invalidated by actions of the mortgagor, it is obvious that such separate contracts are created. Since separate contracts are created, it is of course possible to cancel one (the mortgagor's) without cancelling the other (the mortgagee's). Thus, plaintiffs' actions had the effect of cancelling the insurance policy with respect to themselves, even though it could not cancel the contract between their mortgagee and the insurer. See, Hartford Fire Ins. Co. v. Johnson, 217 Ky. 826, 290 SW. 673 (1927); 11 Couch on Insurance §42:691. This construction, in contrast to plaintiffs' argument, gives effect to all parts of the contract. The owner may cancel the policy at any time. This action releases him from all duties under

the contract (such as paying premiums), while also releasing the insurer from providing coverage to him. Meanwhile, the mortgagee clause acts to provide coverage to him. Meanwhile, the mortgagee clause acts to provide coverage to the mortgagee until the notice requirements of the contract are met, protecting the mortgagee's insurable interest in the property.

Since plaintiffs' actions were sufficient, under the terms of the contract and general insurance law, to cancel the policy in question as to their interests, and since such action is not prohibited merely because the contract includes a mortgagee clause, it is clear that the policy was no longer in effect as to plaintiffs. Defendant's motion for summary judgment will be granted.

## ORDER

And now, October 17, 1979 for reasons set forth in the foregoing opinion defendant's motion for summary judgment is granted.