# Appeal of Dick *et al.*

1. Section 39 of the Act of June 13, 1840 (P. L. 671), extending the equity jurisdiction of the Supreme Court and Courts of Common Pleas in Philadelphia county, to causes of action based on fraud, accident, mistake and accounts, is not repealed by section 19 of the Act of October 13, 1840 (P. L. of 1841, 7), giving said courts throughout the state, chancery jurisdiction in settling partnership accounts and such other accounts as had previously been settled by actions of account render. Nor does the Act of February 14, 1857, (P, L. 39), giving jurisdiction to the Courts of Common Pleas, throughout the state, of several classes of cases, including accounts which cannot be settled by actions of account render, repeal the said Act of October 13, 1840.

2. A bill in equity prayed for an account, and for an injunction to restrain the defendants from manufacturing and selling certain machinery, in alleged violation of an agreement with the plaintiffs, who were owners of letters patent thereon. The bill also contained a prayer for the appointment of a master, to examine the defendants, their officers and agents, and their books and papers ; in order to discover the data for a correct statement of account between the parties. Several years after the bill was filed, an injunction having meanwhile been granted, and a master appointed, the defendants moved to dismiss the bill on the ground that plaintiff's counsel had not certified, as required by the Act of October 13, 1840, that the cause was of such a nature that no adequate remedy could be had at law. The court below held, that the bill presented a case which came under said Act, and dismissed the same, refusing the plaintiff's request to be allowed to amend by adding the certificate of counsel. Plaintiffs appealed, on the ground, that the case was not within the said Act of 1840, because the bill, was not primarily for an account, but for an injunction and for discovery.

*Held*, that the bill set out a case within the Act; but that the court erred in not allowing the plaintiffs to amend, by filing their counsel's certificate *nunc pro tunc.*

3. It is the intendment of the Act of May 4, 1864 (P. L. 775), to secure to parties the same right to make amendments in equity proceedings as in actions at law; and although the ruling of a court of equity upon a motion to amend will not be reversed save for plain and hurtful error, yet such ruling is subject to review by the Supreme Court.

May 14, 1884.  Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

CERTIORARI to the Court of Common Pleas, of *McKean county:* In Equity: Of January Term, 1884, No. 359.

Appeal by Samuel B. Dick and Gibbs & Sterrett Manufacturing Company, plaintiffs in a bill in equity for an injunction and an account from a decree of said court refusing to allow plaintiffs' counsel to amend, by filing, *nunc pro tunc*, the statement required by the Act of October 13, 1840, granting to the Supreme and District Courts, and the Courts of Common Pleas, chancery jurisdiction in settling certain accounts.

The bill, which was filed April 12, 1881, set out that the plaintiffs therein were the owners of certain letters patent for the construction of drilling jars, and that they had entered into an agreement, under seal, with David Bovaird and J. L. Seyfang, the defendants, whereby they agreed to allow the latter to manufacture and sell drilling jars and jar fillings such as were described in the letters patent, subject to certain conditions named, to wit: That defendants should render, on the fifth of each month, a full statement of all jars made during the preceding month and to whom sold, and should pay $10 royalty on each jar; that defendants should keep a book containing the data for said statements, which should be open to the plaintiffs' inspection; and that they would not, during the continuance of the agreement, manufacture or sell any other drilling jars than those mentioned in the letters patent.  The bill further charged that the defendants had broken the covenants contained in said agreement, and had not rendered the statements or paid the royalties as therein required, but were continuing to manufacture jars without properly accounting therefor, although the agreement was still in full force and effect, claiming that said jars, although similar in form, were different from those mentioned in the agreement.  The bill accordingly prayed:

" *First.*—That a preliminary injunction may issue to restrain the said defendants . . . . . from making or selling drilling jars or jar fillings or parts thereof in violation of the rights of your orators, and also from destroying, altering, defacing, con-

cealing or conveying away any of the books or papers by which can be discovered the number of jars or jar fillings made or sold by said defendants since the date of said agreement.

"*Second.*—That a Master be appointed with power to examine the books and papers of said defendants referring to said business, and with power to examine the said defendants, their agents, servants, workmen and accountants upon their oaths, for the purpose of making and rendering to this honorable court a true and correct account of the number of drilling jars or jar fillings made or sold by the said defendant since the date of said agreement.

"*Third.*—That the said defendant be decreed and ordered to produce before the said Master appointed by this court on hearing of this bill, all the books and papers that shall show or discover to the said Master the number of drilling jars or jar fillings made by said defendants since the date of said agreement.

"*Fourth.*—That the said defendants be decreed and ordered to pay unto your orators such sum as the said Master shall find to be justly due and payable unto your orators.

"*Fifth.*—That your Honors may grant a writ of injunction . . . . . perpetually enjoining and restraining the said defendants . . . . . from any further construction, or sale, or use in any manner, of drilling jars or jar fillings, in violation of the rights of your orators as aforesaid, and that the drilling jars and jar fillings, or parts thereof, now in possession of the defendants or their agents, may be delivered up to your orators, or to a Master or Receiver appointed by your Honors."

The preliminary injunction was granted and afterwards continued, and on July 6, 1881, the defendants filed an answer to the bill, in which they averred that they had been induced to sign the agreement by the plaintiffs' false representations in regard to the letters patent; that the agreement, by its terms, became void when they ceased to act under it; that they had a right to manufacture jars different from those covered by plaintiffs' letters patent without paying a royalty thereon; that they had kept true and correct books of account showing the number of jars made by them, as required by the agreement; that plaintiffs, since the agreement, had permitted other manufacturers to make and sell jars covered by the letters patent without paying royalties, to the great damage of the defendants; and finally, that plaintiffs had no right to regard the agreement as still in force if the covenants therein had been broken, but that said plaintiffs must revoke the license therein granted.

Plaintiffs filed a replication, and, on June 30, 1882, a Mas-

ter and examiner was appointed by the court, and a decree entered directing the defendants to account to plaintiffs, and the Master to state said account.

On August 25, 1882, defendants obtained a rule to show cause why plaintiffs' bill should not be dismissed, because the counsel filing the same did not certify (as required by the Act of October 13, 1840) that, in his opinion, the case was of such a nature that no adequate remedy could be obtained at law. Subsequently plaintiffs' counsel asked leave to amend by adding such certificate.

After argument, the court, OLMSTED, P. J., presiding, filed the following opinion:

" The equitable jurisdiction of the courts of Pennsylvania, by bill, is exclusively the creation of statute: Dohnert's Appeal, 14 P. F. S., 313. The plaintiffs' bill in this case is essentially a bill for an account, and an action of account render could have been sustained in the case, and the jurisdiction, by bill in equity, is confirmed by the Act of the 13th of October, 1840. But this Act provides that no bill in chancery shall be sustained unless the counsel filing the same shall certify that in his opinion the case is of such a nature that no adequate remedy can be obtained at law, or that the remedy at law will be attended with great additional trouble, inconvenience or delay.

This certificate underlies and is essential to the jurisdiction. It not having been made in this case, the jurisdiction of this court has not attached. If we are correct in this view, it is now too late to amend by adding this certificate : Everhart *v.* Everhart, 3 Luz. Leg. Reg., 59; 4 Id., 259.

The court accordingly entered a decree: " That plaintiffs' bill and all proceedings therein made are dismissed and set aside." Thereupon the plaintiffs took this appeal, assigning for error the decree of the court, as follows:

" The court erred in dismissing the plaintiffs' bill, as the cause of action set out in said bill is not one of the causes of action mentioned in the provisions of the Act of October 13, 1840, and as the relief prayed for in said bill could not be obtained in an action of account render."

" The court erred in not permitting the plaintiffs to amend their bill by adding the certificate of counsel, under the Act of October 13, 1840."

*W. B. Chapman* (with whom was *John B. Chapman*), for the appellants.—The court erred in holding that plaintiffs' bill was essentially for an account, and therefore came under the Act of October 13, 1840. The chief relief prayed for was an injunction to restrain the defendants from continuing to make

and sell jars in violation of the agreement. This Act was not intended to include actions of this kind. Its language is: "Partnership accounts, and such other accounts and claims as by the common law and usages of this Commonwealth have heretofore been settled by the action of account render." The court had jurisdiction of the bill under the Acts of June 13, 1840 (Purd., 591), and of February 14, 1857 (Purd., 592), granting full chancery powers and jurisdiction to the Courts of Common Pleas and others, on the grounds of fraud, accident, mistake and account. Again, the bill is for discovery based upon an allegation of fraud. It is substantially prayed for in the bill, and the allegation for discovery is sought to be answered by the defendants in their answer filed. The action of account render would hardly answer this feature of the plaintiffs' bill. For the purposes of discovery and the restraining of the defendant by the writ of injunction, a court of equity could and would take jurisdiction of the cause of action set out in the plaintiffs' bill, and that, too, independently of the Act of October 13, 1840. For when a court of equity has legitimately assumed jurisdiction for the purposes of discovery, or for the purpose of issuing an injunction, or for any other purpose purely within the chancery jurisdiction of the court, a court of equity will retain the bill and dispose of every connected topic of dispute: Brightly's Equity, § 124; Gloninger v. Hazard, 6 Wright, 401; McGowin v. Remington, 2 Jones, 63.

At any rate, the plaintiffs were entitled to amend by filing the certificate *nunc pro tunc*. The rule as to amendments in law and equity is the same: Act May 4, 1864 (Purd., 601); Wilhelm's Appeal, 29 P. F. S., 121.

*Sterrett*, (with whom was *Rose*) and *James C. Boyce* for the appellees.—The contention that this is a bill for discovery cannot be sustained. The essentials for such a bill are lacking: Burrill's Law Dictionary; 2 Daniells' Chan. Prac., 4th ed., 1557; Story's Eq. Juris., §§ 73, 458; Gloninger v. Hazard, 6 Wr., 389; Collom v. Francis, 1 Pars., 527. Nor can the bill be sustained on the ground of fraud. Such fraud as is therein alleged is not that of which equity takes cognizance: Hardwick v. Forbes, 1 Bibb. (Ky.), 212; Story's Eq., 8th ed., p. 186 n. The case is one upon which either assumpsit or account render should have been brought. The difference between the Act of June 13, 1840, and October 13, 1840, is that the former gave jurisdiction in cases of account where no action at law could be maintained, while the latter gave the plaintiff the option of proceeding "either by bill in chancery or at common law." But the counsel's certificate is, under

·the latter Act, a condition precedent to entertaining the bill; and the want of such certificate cannot be supplied by amendment, because without it the court has no jurisdiction: Everhart *v.* Everhart, 3 Luz. Leg. Reg., 59; Thomas *v.* Hall, 2 Pearson, 64. But, even if such certificate could be supplied by amendment, the granting of this privilege is a matter of discretion with the court, and a refusal on the part of the court to do so is not a ground for error: Renninger *v.* Thompson, 6 S. & R., 1; Kendig's Appeal, 82 Pa. St., 68.

Mr. Justice TRUNKEY delivered the opinion of the court, October 6, 1884.

Section thirty-nine of the Act of June 13, 1840, P. L., 671, extends the equity jurisdiction of the Supreme Court and of the Court of Common Pleas within the county of Philadelphia, to all cases arising in said county, over which courts of chancery entertain jurisdiction on the ground of fraud, accident, mistake or account. And the jurisdiction is given "whether such fraud, accident, mistake, or account be actual or constructive:" Act of April 16, 1845, Sec. 3, P. L., 542. By the Act of February 14, 1857, "The Courts of Common Pleas of the several counties of this Commonwealth, in addition to the powers and jurisdictions heretofore possessed and exercised, shall have the same chancery powers and jurisdictions which are now by law vested in the Court of Common Pleas or District Court of the city and county of Philadelphia."

The Act of October 13, 1840, Sec. 19, P. L. 1841, 7, vests in the Supreme Court, the District Courts and the Courts of Common Pleas, within this Commonwealth, the powers and jurisdiction of Courts of Chancery in settling partnership accounts and such other accounts and claims as by the common law and usages of this Commonwealth have been settled by action of account render; and the plaintiff may commence the action either by bill in chancery or at common law, but no bill shall be entertained unless the counsel filing the same shall certify his opinion that the case is of such nature that no adequate remedy can be obtained at law, or that the remedy at law will be attended with great additional trouble, inconvenience or delay.

There is no apparent intendment that the later of these statutes should repeal the earlier. The Act of June 13, 1840, was local when the Act of October 13, 1840, was enacted. The latter applied to particular accounts, and had no relation to others. Its scope was limited to cases suable in account render, but did not give equity jurisdiction in every case where that action would lie. Before the court can rightfully entertain the bill, the counsel shall file the prescribed certifi-

cate, but that certificate is not conclusive of his client's right to avoid a suit at law by proceeding in equity. Should the court be of opinion that the case is one wherein an adequate remedy can be obtained at law, or that such remedy would not be attended with great additional trouble or delay, the bill would be dismissed notwithstanding the certificate. The court shall not proceed without the certificate being filed; when filed with the bill the case shall be disposed of upon like principles as other proceedings in equity, and if it appear that there is nothing requiring the peculiar aid of equity, the bill will be dismissed. The Act of 1857, which gives all the Courts of Common Pleas jurisdiction of cases over which Courts of Chancery entertain jurisdiction on the grounds of fraud, accident, mistake or account, though broad enough to include all cases of account, may well be understood as relating to accounts not within the General Act of 1840. It only applies to the Courts of Common Pleas, and it could hardly have been the legislative intent to give these courts a larger jurisdiction than was then vested in the Supreme Court by the prior statute. Nor is there such inconsistency or repugnancy as implies a repeal. Both are affirmative statutes; one gives equity jurisdiction of certain accounts, upon conditions, to the Supreme Court, the District Courts and the Courts of Common Pleas, and the other gives jurisdiction to the Common Pleas of several classes of cases, including accounts, and the accounts are such as could not be settled in an action of account render.

The appellants contend that the chief purpose of their bill was to obtain an injunction restraining the appellees from manufacturing and selling goods in violation of their agreement. But they have not shown in this court ground for an injunction, and no error appears as respects that point. The mere fact that they prayed injunction does not warrant a decree for account. And if they were entitled to an injunction as claimed, it does not follow that the bill would be retained for other purposes.

They also urge that the bill is for discovery, and that the court, having legitimately assumed jurisdiction for the purposes of discovery, will retain the bill for account. If it was their object to make the defendants disclose in their answer matters essential to the plaintiff's case, it is dimly expressed. There is no prayer for discovery, and none is made in the answer. If no discovery is asked or required by the frame of the bill, the jurisdiction will not be maintainable. The general rule is that where a court of equity has jurisdiction for discovery, and the discovery is effectual, the court may proceed to grant full relief. But it would be no ground for

jurisdiction if the discovery failed: Story Eq. Jur., §§ 455, 456, 458. The second and third prayers of the bill relate entirely to appointment of a Master and proceedings before him, and there has not only been no discovery, but none has been required.

The learned Judge of the Common Pleas rightly ruled that the bill set out a case suable in account render, and therefore within the general statute of 1840. Before the bill was dismissed the appellants' counsel asked leave to amend by filing the certificate, which was denied, and the bill dismissed for the sole reason that the certificate had not been filed, as required by the statute. The motion to amend did not relate to the pleadings or any matter of evidence, but only to the filing of a certificate by counsel. That the court had power to permit the amendment and direct the filing to be as of date of filing the bill, we think is clear. It was so ruled by an able judge in Thomas *v.* Hall, 2 Pear., 64. The Act of 1864, P. L., 775, authorizes the courts to permit, at their discretion, when in their opinion the same will affect the merits and expedite justice, amendments to the pleadings or other matters in the same manner as now obtains in common law cases and practice. If it be true that the proposed amendment did not affect the merits of the questions in controversy, yet its denial terminated the proceeding to the delay and costs of the plaintiffs without just advantage to the defendants. Their tardiness in bringing the omission to the notice of the court should be treated as acquiescence by them in the plaintiffs' default. The discretion vested in the courts to permit amendments is to speed the cause to determination on its merits, and should be liberally exercised where the amendment will do no injustice to the opposite party. The defendants claim that the decision of the court below on a question of amendment is final. We are of opinion that it is the intendment of the statute to secure to parties the same right to make amendments in equity proceedings as in actions at law. In either, generally, the amendment must be made with leave and under the control of the court. It is settled that the decision of a law court upon most questions of amendment is subject to review. The ruling of a court of equity upon a motion to amend will not be reversed save for plain and hurtful error.

This bill was actually entertained two years and three months before it was set aside. On April 12, 1881, a preliminary injunction was decreed and bond approved. Three days thereafter a rule to show cause was granted why the injunction should not be dissolved; in due course that came up for argument, and the injunction was continued. The defendants filed their answer on July 6, 1881, and it contains no

[Traviss v. Commonwealth.]

suggestion that the case presented in the bill does not require the peculiar aid of a court of equity for adequate remedy ; nor did the defendants in any way inform the court that the requisite certificate was not filed till August, 1882. The cause was referred to a Master in March, 1882. Though the naked facts show serious default in the plaintiffs' counsel, the court entertained the bill without scrutiny and acted thereon, as did all parties, as if no requisite had been omitted. There is no pretence that the omission was by design. A plainer case for amendment is not likely to arise in practice, nor one where denial would likely cause greater injury to one party and less to the other.

> Decree reversed and bill reinstated. The plaintiffs' counsel have leave to file the certificate *nunc pro tunc.* Costs of appeal to be paid by the appellees.