[No. 11337. In Bank. — March 9, 1886.]

# W. T. BAGGETT, PETITIONER, v. JOHN P. DUNN, STATE CONTROLLER, RESPONDENT.

DEPUTY SUPREME COURT REPORTER — SALARY OF — APPROPRIATION FOR. — Treating the act of February 26, 1881, providing for the appointment of a Deputy Supreme Court Reporter, as making an appropriation for the payment of his salary, such appropriation terminated with the fiscal year ending June 30, 1883, and the controller is not authorized to draw a warrant in payment of the salary of that officer subsequently accruing, unless a specific appropriation therefor has been made.

APPLICATION for a writ of mandate. The facts are stated in the opinion of the court.

*W. T. Baggett,* for Petitioner.

*Robert T. Devlin,* and *R. M. Clarken,* for Respondent.

THORNTON, J. — Application for a writ of mandate compelling the respondent as controller of state to draw his warrant on the state treasury in favor of petitioner, Baggett, payable out of the general fund, for the sum of two hundred dollars ($200), as salary of petitioner as Deputy Supreme Court Reporter for the month of July, 1885.

The act authorizing the appointment of Deputy Supreme Court Reporter was passed February 26, 1881 (Stats. 1881, p. 9), and is entitled "An act to provide for the appointment of a Deputy Supreme Court Reporter, and to regulate his compensation." The act is in these words: —

"Sec. 1. The reporter of the decisions of the Supreme Court is hereby authorized to appoint a deputy, and such deputy shall hold his office at the will of the reporter.

"Sec. 2. The salary of such deputy shall be two thousand four hundred dollars per annum, payable monthly, out of any money in the general fund not otherwise appropriated, and the controller of state is hereby authorized and directed to draw his warrants monthly for such purpose, and the state treasurer is hereby authorized and directed to pay the same.

"Sec. 3. This act shall take effect from and after its passage."

The answer of respondent denies that it is his duty to draw a warrant in favor of the petitioner for the amount stated in his application, or for any amount whatever.

It avers that, as provided by section 433, subdivision 17, of the Political Code, one of the conditions the existence of which is necessary to enable the respondent to draw a warrant is, that there must be an unexhausted specific appropriation provided by law to meet the same; that there is no unexhausted specific appropriation to meet the claim of petitioner; that the legislature at its last session wholly failed to make any appropriation whatever to meet or pay his claim.

It is further averred that the legislature of the state of California by the appropriation act of 1883, entitled "An act making appropriations for the support of the government of the state for the thirty-fifth and thirty-sixth fiscal years," approved March 9, 1883 (see Stats. 1883, p. 78), made the following appropriation: "For salary of deputy reporter of the decisions of the Supreme Court, four thousand eight hundred dollars"; that all of this appropriation has by warrant thereon been exhausted, and that there is now no money appropriated to pay petitioner's claim.

It is also averred that there is not now, nor at any times mentioned in the application of petitioner has there been, any money in the general fund not appropri-

ated to some purpose, and that there are no moneys in such fund, nor have there been any to its credit since July 1, 1885, which are not covered by and subject to specific appropriations.

We have stated in full the answer of the respondent,— perhaps more so than necessary.

The question which is determinative of the case is this: Has any appropriation been made to pay the demand of the petitioner? If no such appropriation has been made by the legislature, this court cannot order a mandate to the controller to issue a warrant for its payment, for it is the clear command of the constitution, which cannot be disregarded, that no money shall be drawn from the treasury but in consequence of appropriations made by law (Const., art. 4, sec. 22); that is, made either by the constitution or by an act of the legislature. (*McCauley* v. *Brooks*, 16 Cal. 29.)

The respondent contends that the appropriation is made by the second section of the act of 1881 above quoted. That section provides that the salary mentioned in it shall be two thousand four hundred dollars, " payable monthly out of any money in the general fund not otherwise appropriated." Not otherwise appropriated when? Clearly and manifestly either at the date of the act (26th of February, 1881), or at the date of the last appropriation act passed by the legislature then in session. We cannot construe this language as applying to any subsequent legislature, and directing an appropriation for the payment of the salary referred to out of a general fund not otherwise appropriated which may afterwards be paid into the treasury to be appropriated by a subsequent legislature to the purposes for which such fund is designed. If the act of 1881 referred to such fund, which would subsequently come into the treasury, it would be an appropriation in advance of any appropriation which would be made by the legislature which was to deal with it, and there would then be no

necessity for using the words "not otherwise appropriated." For the subsequent legislature not having convened, there would then have been none of the general fund appropriated, and the prior act of 1881 would then be referred to a fund from which no appropriation had been made, and the use of the words "not otherwise appropriated" would be totally unnecessary. If the words of appropriation used in the act of 1881 had reference to such subsequent general fund, it would be the first appropriation from the fund, and the words "not otherwise appropriated" would be useless and superfluous.

It follows from the foregoing that the appropriation made by the act of 1881 (conceding, but not deciding, that such an appropriation is there made) terminated with the fiscal year ending the 30th of June, 1883.

This seems to have been the view of the legislature which passed the act of 1883 making appropriations for the support of the state government for the thirty-fifth and thirty-sixth fiscal years. In that act a distinct and definite appropriation was made for the fiscal years mentioned, succeeding the period for which the appropriation was made by the act of 1881, for the payment of the salary in question. It is reasonable to conclude that the legislature in 1883 considered the appropriation made by the act of 1881 at an end, and therefore made an appropriation for the fiscal years above mentioned. In our judgment, this view of the legislature of 1883 was correct. The appropriation so made by the act of 1883 had been exhausted by payments when the demand of the petitioner was preferred. This is not denied, but conceded. Nothing is claimed from the appropriation of 1883. We can find no other appropriations made than those above mentioned. These appropriations have been exhausted by payments, and no other appropriation having been made, this court has no authority to order the issuance of the writ asked for, and it must therefore be denied.

The application herein is denied and the proceeding dismissed.

So ordered.

MYRICK, J., McKEE, J., SHARPSTEIN, J., and McKINSTRY, J., concurred.

Rehearing ·denied.