## Dalesandro et al., Appellants, *v.* New York Underwriters Insurance Company.

176

Argued October 11, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Herbert A. Barton,* with him *Allen Gray Clark* and *Swartz, Campbell & Henry,* for appellants.

*Horace Michener Schell,* for appellee.

OPINION BY KELLER, P. J., February 28, 1936:

We regret that we are obliged to reverse this judgment, for we agree, in the main, with the views expressed by the learned President Judge of the court below in his opinion, provided all the facts on which it was based had been averred in the plaintiffs' statement of claim. But they were not so averred.

This was a rule by the defendant raising a question of law in the nature of a demurrer (Practice Act of 1915, P. L. 483, Sec. 20). It follows that the decision must rest on the sufficiency of the plaintiffs' statement of claim. It cannot be affected by averments of fact in the affidavit of defense, which are in the nature of a 'speaking demurrer' (Bovaird v. Barrett, 78 Pa. Superior Ct. 68, 71, 72), nor by admission of counsel in the brief or on oral argument.

There is no averment or admission in the statement of claim that the buildings covered by defendant's insurance policy, which contained a standard 'mortgagee clause' in favor of these plaintiffs, who were only judgment creditors, had been feloniously burned by the owners of the buildings, who were the assured under the policy. The fact seems to have been admitted on the argument in the court below, as it was in this court, and the decision of the lower court was based on this very material fact which did not appear in the pleading 'demurred to'. We recognize that the parties are desirous of having the matter disposed of as speedily and with as little expense as possible, but, in the long run, it is better to conform to established rules of pleading and not attempt short cuts in practice not authorized by law.

We agree with the learned court below that as the facts are presented in the statement of claim, the plaintiffs, who are only judgment creditors, could not assert the rights permitted by law to mortgagees, even though the policy contained the standard 'mortgagee clause' allowable by statute for the protection of mortgagees and trustees under a deed of trust similar to a mortgage, "which creates in favor of the mortgagee a contract of insurance separate, distinct and independent from that constituted between the mortgagor and the insurance company by the other provisions of the policy": Overholt v. Reliance Ins. Co., 319 Pa. 340, 344, 179 A. 554, and cases cited. The principle involved is not different from that recently passed upon by us in First National Bank of Charleroi v. Newark Fire Ins. Co., 118 Pa. Superior Ct. 582, 180 A. 163. Nothing averred in the statement of claim takes it out of the ruling in that case. The fact that Grace, who is very indefinitely described in the statement as the "duly authorized agent or broker" of the defendant insurance company, and who seems to have been a real estate dealer or broker acting for the plaintiffs in the sale of the real estate to the present owners, the assured in the policy in suit, may have advised them that their interest in the premises would be fully and properly protected against loss by fire if they assigned to the purchasers of the real estate their policies of insurance, with the addition of a standard mortgagee clause in their favor, did not operate to create in their favor a valid contract of insurance, separate, distinct and independent from that constituted by the policy insuring the new owners of the real estate, but only gave them the power to enforce the assured's rights under the policy and collect from the insurance company whatever the latter could be required to pay the assured, up to the amount of the plaintiffs' judgment. The action, in such case, should be in the name of the assured,

to the use of the judgment creditor, and would be subject to any defenses which the company might have against the assured; but in the liberality of pleading and procedure allowed in this State, this defect in the name of the party plaintiffs could be amended, even in the appellate court, if that were all that was involved: Ronca v. British & Foreign Marine Ins. Co., 314 Pa. 449, 452, 172 A. 475; Overholt v. Reliance Ins. Co., supra, pp. 344, 345; First Nat. Bk. of Charleroi v. Newark Fire Ins. Co., supra. Certainly any advice that Grace may have given the plaintiffs, in his capacity as real estate agent or broker in the sale of their property, as to the advisability of their accepting a purchase money judgment as part of the consideration for the sale of their real estate could not affect the defendant insurance company. It is no part of the duties of an agent for an insurance company to act as a real estate agent, and advice given in that capacity cannot be held to be the act of the insurance company. While the agent of the insurance company—as distinguished from a mere broker—may bind the company with respect to matters within the scope and authority of his agency, the company is not bound by his acts done in a wholly different capacity and one not connected with the business of insuring property; nor is it responsible for an expression of opinion by its agent contrary to the legal effect of the language of the policy: Levinton v. Ohio Farmers Ins. Co., 267 Pa. 448, 453 (KEPHART, J.), 110 A. 295; Devaney v. Northwestern Nat. Ins. Co., 64 Pa. Superior Ct. 510, 516. There is nothing in the averments in the plaintiffs' statement of claim in this case,—just as there was no evidence on the trial in the Charleroi Bank case, supra, (p. 595),—which would warrant a finding that the plaintiffs ever contemplated obtaining a separate policy insuring their own special interest as judgment creditors, or changing their security from a judgment to a mortgage, and were dis-

suaded from taking either of these steps by the acts or representations of defendant's agent. They obtained as full and complete protection as it was possible for a judgment creditor to secure under a policy of insurance issued to the owner of the property. It may be that on the trial of the case—if it goes to a trial—the evidence may be stronger than the averments in the present statement of claim, and may present a different question from that passed on by the court below. If not, we think that judgment will have to be entered for the defendant, in consonance with our ruling in the Charleroi Bank case. We say this so that our action in reversing the judgment of the court below may not be misunderstood.

We have, in this opinion, laid no stress on the fact that the original insurance was taken out over three years before the fire and was renewed or replaced from year to year; since it was alleged to be the intention of the parties that the contracts were to be 'renewed' on their expiration. See Overholt v. Reliance Ins. Co., supra, pp. 344-5.

Judgment reversed, with leave to the defendant to file a supplemental affidavit of defense to the averments of fact of the statement within fifteen days after the return of the record to the court below.