Opinion by
 

 Rhodes, J.,
 

 On June 2, 1931, defendant issued its policy of insurance to Lorenzo Falzone and Gius'eppina Falzone, his wife, insuring them against loss and damage by fire to the extent of $4,000 to their dwelling in Pittston, Pa. The dwelling was partially destroyed by fire on February 11, 1932.
 

 To the policy was attached a standard mortgagee clause which provided that loss or damage, if any, under the policy, was payable to plaintiff. The mortgagee clause is printed in the margin.
 
 [1]
 

 
 *23
 
 At the time of the fire plaintiff had a mortgage on the land upon which the dwelling was located. The unpaid amount of the mortgage was $2,900.
 

 The owners, the insured under the policy, filed proofs of loss, and then brought suit against defendant within twelve months after the fire. On December 6, 1935, a verdict was rendered in favor of defendant. On December 20, 1935, plaintiff, as mortgagee, instituted suit against defendant. Defendant, in its supplemental affidavit of defense, averred that plaintiff was obliged to institute its action within twelve months after the fire, as it was bound by the following provision in the policy: “No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless the claimant shall show compliance with all the requirements of this policy, nor unless commenced within twelve months next after the fire.” The jury found for plaintiff, and the court below, upon defendant’s motion, entered judgment in favor of the latter non obstante veredicto.
 

 The policy to which the mortgagee clause was attached provided, inter alia: “Upon failure of the insured to render proof of loss, such mortgagee shall, as if named as insured hereunder, but within sixty days after such failure, render proof of loss, and shall be subject to the provisions hereof as to appraisal and time of payment
 
 *24
 
 and of bringing suit.” See Act of May 17, 1921, P. L. 682, Art. 5, § 523 (40 PS § 658).
 

 From the judgment entered in favor of defendant, plaintiff has appealed.
 

 The court below, in allowing its motion and entering judgment for defendant n. o. v., held that the provision of the policy limiting the time within which suit or action must be commenced was binding upon appellant as mortgagee. The correctness of this conclusion is the sole question before us. The effect of the addition of a standard mortgagee clause to a standard policy of fire insurance is to create a new agreement between the insurance company and the mortgagee. The nature of this agreement has been frequently considered and passed upon by our appellate courts. See
 
 Beaver Falls Building & Loan Ass’n v. Allemania Fire Ins. Co.,
 
 305 Pa. 290, 157 A. 616;
 
 Overholt et ux. v. Reliance Ins. Co. of Philadelphia et al.,
 
 319 Pa. 340, 179 A. 554;
 
 Knights of Joseph Building & Loan Ass’n v. Mechanics’ Fire Insurance Co. of Philadelphia,
 
 66 Pa. Superior Ct. 90;
 
 Reed v. Saint Paul Fire & Marine Insurance Co.,
 
 67 Pa. Superior Ct. 110;
 
 Trustee Building & Loan Ass’n v. Liverpool and London and Globe Insurance Co., Ltd., of London,
 
 93 Pa. Superior Ct. 242;
 
 Clarke & Cohen v. Real,
 
 105 Pa. Superior Ct. 102, 159 A. 454;
 
 First National Bank of Charleroi v. Newark Fire Insurance Co.,
 
 118 Pa. Superior Ct. 582, 180 A. 163;
 
 Dalesandro et al. v. New York Underwriters Insurance Co.,
 
 121 Pa. Superior Ct. 175, 183 A. 354;
 
 Willits v. Camden Fire Insurance Ass’n,
 
 124 Pa. Superior Ct. 563, 189 A. 559;
 
 Abbottsford Building & Loan Ass’n v. William Penn Fire Insurance Co.,
 
 130 Pa. Superior Ct. 422, 197 A. 504.
 

 Appellant argues that there is nothing in the mortgagee clause to inform the mortgagee that in the event of loss or damage he must commence his suit or action within twelve months after a fire occurs or otherwise his right of recovery is barred. This argument is with
 
 *25
 
 out force, as it may likewise be said that the mortgagee clause does not state the amount of the insurance, describe the property, or enumerate the terms. “The mortgagee clause is not a complete contract in itself, nor does it profess to be. It is, of course, conclusive upon the parties in so far as it speaks, and controls' any provisions of the policy to which it is attached which are inconsistent with it; but as a complete or entire contract, it is indefinite and uncertain. Resort must still be had to the terms of the policy to ascertain many things which are the very life of the contract”:
 
 American Building & Loan Ass’n v. Farmers’ Insurance Co.,
 
 11 Wash. 619, 10 Pac. 125, at page 127.
 

 The policy with the mortgagee clause attached created two contracts; the one insuring the interest of the mortgagors or owners, and the other protecting the interest of the mortgagee.
 
 Abbottsford Building & Loan Ass’n v. William Penn Fire Insurance Co.,
 
 supra. The contract resulting between the mortgagee and the insurance company was separate, distinct, and independent from the one the insurer had with the owners' of the premises. This is composed of the provisions in the mortgagee clause and such of those in the policy as are essentially applicable to the mortgagee clause and the mortgagee’s interest.
 
 Trustee Building & Loan Ass’n v. Liverpool and London and Globe Insurance Co., Ltd., of London,
 
 supra. It does not include all the provisions of the policy, and contains many not included in it.
 
 Reed v. Saint Paul Fire & Marine Insurance Co.,
 
 supra. Such contract gives the mortgagee the same benefit as if it received from the insurance company a separate policy free from the conditions imposed on the mortgagors' or owners.
 
 Abbottsford Building & Loan Ass’n v. William Penn Fire Insurance Co.,
 
 supra;
 
 Glen Falls Insurance Co. v. Porter,
 
 44 Fla. 568, 33 So. 473;
 
 Hastings et al. v. Westchester Fire Insurance Co.,
 
 
 *26
 
 73 N. Y. 141;
 
 Eddy v. London Assurance Corp.,
 
 143 N. Y. 311, 38 N. E. 307, 25 L. R. A. 686.
 

 Some of the provisions of the policy “are modified and under certain conditions omitted by the new agreement which springs from the mortgagee clause and the insurance policy”:
 
 Knights of Joseph Building & Loan Ass’n v. Mechanics’ Fire Insurance Co. of Philadelphia,
 
 supra, 66 Pa. Superior Ct. 90, at page 96. The mortgagee clause assures the mortgagee certain rights not given by the policy and not given to the owner.
 
 Beaver Falls Building & Loan Ass’n v. Allemania Fire Insurance Co.,
 
 supra. It provides that the insurance as to the interest of the mortgagee shall not be invalidated by any act or neglect of the mortgagor or owner, or by any foreclosure or other proceedings or notice of sale relating to the property, or by any change in title or ownership of the property, or by the occupation of the premises for purposes more hazardous than were permitted by the policy. The owner, by act or failure to act, cannot nullify or decrease the amount of protection which the policy affords the mortgagee.
 
 Abbottsford Building & Loan Ass’n v. William Penn Fire Insurance Co.,
 
 supra.
 

 In
 
 Reed, Adm’r, et al. v. Firemen’s Insurance Company of Newark, New Jersey,
 
 81 N. J. L. 523, at page 525, 80 A. 462, at page 463, 35 L. R. A. (New Series) 343, it was held: “The policy furnishes the terms of the contract between the owner and the insurer. The mortgagee clause is the contract between the insurer, and the mortgagee, quite separate from the policy, yet ingrafted upon it, and to be understood by reference to the policy which renders it certain and complete. The policy, therefore, may be looked at for the purpose of showing what the mortgagee contract refers' to and establishes, which is quite different, however, from examining the policy for the purpose of defeating the ingrafted contract.” What the Court of Appeals of New
 
 *27
 
 York held in
 
 Eddy v. London Assurance Corp.,
 
 supra, 143 N. Y. 311, at page 324, 38 N. E. 307, at page 310, 25 L. R. A. 686, is applicable to the facts in the instant case: “By taking the insurance in the manner the mortgagee herein did [mortgagee clause attached to policy], instead of taking out a separate policy, all the provisions in the policy which from their nature would properly apply to the case of an insurance of the mortgagee’s interest would be regarded as forming part of the contract with him, while those provisions which antagonize or impair the force of the particular and specific provisions contained in the clause providing for the insurance of the mortgagee must be regarded as ineffective and inapplicable to the case of the mortgagee.”
 

 The time limitation clause in the policy is not antagonistic to, or inconsistent with, the provisions contained in the mortgagee clause annexed to the policy. “It entered into the substance of the contract which plaintiff is seeking to enforce and may properly be held to bind him as mortgagee to whom the insurer has obligated itself, under certain conditions, by the mortgagee clause. Cf.
 
 American Building & Loan Association v. Farmers’ Insurance Co.,
 
 11 Wash. 619, 40 Pac. 125; Richards on the Law of Insurance ,(4th Ed.) § 304. ......So in this case both the owner and the plaintiff as mortgagee, by becoming parties to their respective contracts of insurance with the defendant, have agreed to the time limitation clause affecting suits upon the policy.......It is broad in scope, and so far as the rights of the plaintiff mortgagee are concerned, it is not contingent upon nor does it relate itself to any personal default or omission by the owner”:
 
 Howe v. Mill Owners’ Mut. Fire Ins. Co. of Iowa,
 
 271 N. Y. Supp. 639, at page 643.
 

 In
 
 Abbottsford Building & Loan Ass’n v. William Penn Fire Insurance Co.,
 
 supra, we held that the option
 
 *28
 
 in the policy on the part of the insurance company to repair, rebuild, or replace the property lost or damaged was applicable to the mortgage clause and the mortgagee’s interest, and was binding upon the mortgagee. It follows from the nature of appellant’s contract with defendant that it was bound by the time limitation clause in the policy. Appellant’s right of action was independent of any proceedings instituted by the owners or mortgagors. It was not obliged to await the termination of the litigation between the owners or mortgagors and defendant. Its failure to commence its action within twelve months was not due to any act or neglect of the owner or the insurer. We approve of the reasoning and conclusions of those authorities which hold that the mortgagee under the mortgagee clause is bound by the provision in the policy which limits to twelve months the time within which any action upon the policy must be commenced. See
 
 Howe v. Mill Owners’ Mut. Fire Ins. Co. of Iowa,
 
 supra;
 
 American Building & Loan Ass’n v. Farmers’ Insurance Co.,
 
 supra. See also, Cooley’s Brief on the Law of Insurance, Vol. 4, p. 3972, Ed. 1905; Richards on the Law of Insurance, 3d Ed., 1909, pp. 453, 454.
 

 Assignments of error overruled.
 

 Judgment is affirmed.
 

 [1]
 

 “Loss or damage, if any, under this policy, shall be payable to Miners Savings Bank of Pittston, Pa., as mortgagee (or trustee) ■ as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same.
 

 “Provided, also, that the mortgagee (or trustee) shall notify this company of any change of ownership or occupancy or increase of hazard! which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void.
 

 “This company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for 10 days after notice to the mortgagee (or trustee) of such cancellation and shall then cease, and this company shall have the right, on like notice to cancel this agreement.
 

 “Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim
 
 *23
 
 that, as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option, pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of its claim.
 

 “Attached to and made a part of Policy No. 1731 of the Merchants Eire Insurance Company of Denver, Colorado.”