## Buckla v. Carolina Insurance Company of Wilmington

*Elric J. McHale* and *Edward Murphy*, for plaintiff. *John Memolo*, for defendant.

EAGEN, J., March 24, 1943.—This is an action in assumpsit to collect for an alleged loss due under the terms of a policy of fire insurance. We are herein concerned with a petition filed on February 25, 1943, to amend plaintiff's statement of claim. It is alleged that the action was instituted on September 22, 1941, and that "through misunderstanding, oversight, or mistake" petitioner's name was not included as a party plaintiff. The prayer of the petition is to amend the first paragraph of the statement of claim so that it would read as follows:

"Plaintiff John Buckla, herein, is a resident of the Borough of Winton, County of Lackawanna, State of Pennsylvania. Plaintiff Christine G. Okie is a resident of Philadelphia, Philadelphia County, Pa., and is first mortgagee as per exhibit B attached to the original statement of claim and made part thereof and hereof and said mortgage is unpaid and due with interest at six percent."

It is undoubtedly the intention of the petition to have added as party plaintiff to the action the first mortgagee of the property involved, although the petition doesn't clearly say so. An answer filed denies the allegation of oversight in failing to name the mortgagee as a party plaintiff and also contends that under such circumstances the mortgagee of the property and the owner cannot be joined as party plaintiffs in the one action. At the argument on the rule counsel for defendant pointed out that in the policy the following provision exists:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity . . . unless commenced within 12 months next after the fire."

The statement of claim manifests the fact that the fire occurred on September 21, 1940. The court has not been given the benefit of briefs by counsel on either side.

In the opinion of the court there are two very important questions to be decided in passing upon this proposed amendment. The first thereof is whether or not these parties can be joined in the one action. We feel that this is controlled by the Pennsylvania Rules of Civil Procedure, more particularly Pa. R. C. P. 2229 (a), which is as follows:

"Persons may join as plaintiffs who assert any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transac-

tion, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the rights to relief of all such persons will arise in the action".

Joinder, therefore, is permitted whether the causes of action of the plaintiffs are: (1) Several; (2) separate or independent; or (3) in the alternative. In the case at bar, while the causes of action are "separate", they arise out of the same fire and their actions may be properly joined. The Rules of Civil Procedure are to be liberally construed to avoid multiplicity of suits: Rau v. Manko et al., 341 Pa. 17.

The second question is whether or not the mortgagee may be added as a party plaintiff at a date beyond the time limit for instituting the action fixed by the contract itself. We conclude not. The law does not prohibit parties from limiting themselves in their contract to a lesser time for the institution of the action than the statute of limitations generally provides. See 2 Standard Pa. Practice 103, §12, and authorities therein cited. In the same treatise, p. 193, §149, it is said:

". . . under the well-settled rule established by the Pennsylvania cases, amendments will not be allowed which bring in a new party, where the Statute of Limitations has run . . . 'the test is in the cause of action not the Statute of Limitations' and if the cause of action is not changed, the fact that the statute would bar a new action will not prevent an amendment adding another party as plaintiff."

Herein the suggested amendment would undoubtedly add a new cause of action.

"The so-called standard mortgage clause . . . creates in favor of the mortgagee a contract of insurance separate, distinct and independent from that constituted between the mortgagor and the insuring company by the other provisions of the policy . . .: Overholt et ux. v. Reliance Insurance Company of Philadelphia

et al., 319 Pa. 340, 344. See also The Beaver Falls Building and Loan Assn. v. Allemania Fire Insurance Company of Pittsburgh, 101 Superior Ct. 109, Clarke & Cohen v. Real to use, 105 Superior Ct. 102. This is well established in Couch Cyclopedia of Insurance, sec. 1215b.

"The mortgagee clause assures the mortgagee certain rights not given by the policy and not given to the owner. . . . It provides that the insurance as to the interest of the mortgagee shall not be invalidated by any act or neglect of the mortgagor or owner, or by any foreclosure or other proceedings or notice of sale relating to the property, or by any change in title or ownership of the property, or by the occupation of the premises for purposes more hazardous than were permitted by the policy. The owner, by act or failure to act, cannot nullify or decrease the amount of protection which the policy affords the mortgagee": Miners Savings Bank of Pittston v. Merchants Fire Insurance Co., 131 Pa. Superior Ct. 21, 26.

Hence we conclude that the proposed amendment would be adding a new cause of action in the present case and would be putting defendant at a great disadvantage. It would be equivalent to allowing the mortgagee to institute an action on the policy after the statute of limitations had expired. While the mortgagee clause contains nothing to inform the mortgagee that in the event of fire or damage he must commence his suit within 12 months after the fire occurred, the mortgagee is bound by the general clause of limitation of action found in the policy itself. See Miners Savings Bank v. Merchants Fire Insurance Co., supra.

Wherefore, March 24, 1943, the rule heretofore granted to show cause why plaintiff's statement of claim should not be amended is discharged.