Guarantee Trust and Safe Deposit Company *v.*
Home Mutual Fire Insurance Company, Appel-
lant.

Argued October 5, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Carl Rice*, with him *Witmer & Rice*, for appellant.

*W. Irvine Wiest*, for appellee.

OPINION BY ERVIN, J., November 16, 1955:

This is an appeal by defendant insurance company from the entry of judgment on the pleadings in favor of the plaintiff, trustee of the estate of Samuel Fetterolf, deceased, mortgagee, in an action in assumpsit based on the mortgagee clause contained in two poli-

cies of fire insurance. This action was brought to recover the amount due under the mortgage from the defendant insurance company which had paid the insured mortgagors in satisfaction of a judgment obtained by them as the result of a prior action against the defendant to recover for loss sustained under the policies.

The facts disclosed by the pleadings reveal that on September 14, 1936, Frank Varano and Catherine, his wife, owners of the western half of a two and one-half story frame dwelling located at 926 Scott Street in the Borough of Kulpmont, executed and delivered to the trustee of the estate of Samuel Fetterolf, deceased, a mortgage covering their house and lot to secure the payment of $1,300.00 with interest at the rate of six per centum per annum. The property was insured from loss by fire under two policies of fire insurance totalling $2,900.00 issued by the defendant insurance company to which were attached the standard form of mortgagee clause in favor of the Samuel Fetterolf Estate. The terms and provisions of the printed mortgagee clauses, attached thereto and made part of the policies by the defendant, provide, inter alia, as follows: "Loss or damage, if any, under this policy, shall be payable to Samuel Fetterolf Estate. Address, Mt. Carmel, Penna. as First mortgagee (or trustee) as interest may appear. . . ." Each of these policies also contained the following provision: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless the claimant shall show compliance with all the requirements of this policy, nor unless commenced within twelve (12) months next after the fire." On March 6, 1942, while the fire insurance policies were in force and effect, the property of the insured was destroyed by fire. On March 1, 1943, the owners of the insured

premises instituted an action in assumpsit against the defendant on the two policies of fire insurance. A judgment was entered on November 18, 1947 in favor of the owners of the property and against the defendant in this action in the sum of $1,500.00 with interest from June 6, 1942, which judgment was affirmed by this Court on January 14, 1949 on appeal. (See 164 Pa. Superior Ct. 228, 63 A. 2d 97) On March 31, 1949, the defendant paid the amount due on the judgment, together with interest, in the total sum of $2,107.50 to John L. Pipa, Jr., Esq., attorney for the insured. No part of this payment was ever received by the mortgagee, the plaintiff in this action. On the date of payment of the amount due on the judgment there remained due on the mortgage the sum of $1,213.50 with interest from October 13, 1944.

The trustee-mortgagee instituted this action in assumpsit by filing a complaint on January 9, 1950. In its answer, the defendant, under the heading of "New Matter" asserted the following defenses: (1) the action of the plaintiff is barred by the Statute of Limitations because it was commenced more than six years after the cause of action arose; (2) the action of the plaintiff is barred by the limitation contained in the policy which bars any action unless commenced within twelve months next after the fire; and (3) the plaintiff abandoned its claim against the defendant.

It has long been well settled that a standard mortgagee clause in a fire insurance policy creates a separate, distinct and independent contract of insurance in favor of mortgagee. *Willits v. Camden Fire Insurance Ass'n,* 124 Pa. Superior Ct. 563, 189 A. 559; *Overholt et ux. v. Reliance Ins. Co. of Philadelphia et al.,* 319 Pa. 340, 179 A. 554. As stated by Judge, now President Judge, RHODES in *Abbottsford Building & Loan Ass'n v. William Penn Fire Insurance Co.,* 130 Pa. Su-

perior Ct. 422, 426, 197 A. 504: "It follows that the policies with the mortgagee clause attached created, in the instant case, two contracts with appellee, the one insuring the interest of the mortgagor owner, and the other protecting appellant's interest as mortgagee; and the mortgagor owner, by act or failure to act, could not nullify or decrease the amount of protection which the policies afforded appellant. See Beaver Falls Building and Loan Ass'n v. Allemania Fire Ins. Co., 305 Pa. 290, 157 A. 616. The fire insurance policies were personal contracts; the building itself was not insured by the policies; they provided indemnity for loss to an insurable interest; appellant, as mortgagee, and the mortgagor owner had separate insurable risks. See Gorman's Estate, 321 Pa. 292, 295, 184 A. 86." Where insurance of the mortgagee's interest against loss by fire is obtained by use of the mortgagee clause it provides the same benefit to the mortgagee as if it had taken out a separate policy free from the conditions imposed upon the mortgagor owner.

There were, in the instant case, two separate and distinct contracts of insurance, one in favor of the owners of the property and the other protecting the mortgagee's interest. Either the owners or the mortgagee could have brought suit to recover *for the loss occasioned by the fire.* However, in bringing any action on the policy for indemnification of loss both the owners and the mortgagee were bound by the express contractual limitation contained therein which requires that any suit or action *on the policy* must be commenced within twelve months next after the fire. See *Miners Savings Bank of Pittston v. Merchants Fire Insurance Company,* 131 Pa. Superior Ct. 21, 198 A. 495. It is clear that the plaintiff in this case could not bring an action *on these policies* for damages caused by the fire on March 6, 1942. The twelve months limi-

tation set forth in the policies expired on March 6, 1943. However, as stated in the opinion of TROUTMAN, J. of the court below: "The plaintiff does not attempt to recover as mortgagee under the policies of insurance for the loss occasioned by the fire but rests its case on the defendant's failure to recognize its obligation under the mortgagee clause to pay any loss to which the insureds were entitled, to the plaintiff, as mortgagee." The mortgagee clause specifically states that loss or damage, if any, shall be payable to Samuel Fetterolf Estate as first mortgagee as interest may appear. Whether an action to recover on the policies was brought by the insured owners or the mortgagee, provided it was commenced within the time limitations provided in the policy, the disposition of any proceeds recovered by either the owners or the mortgagee was governed by the express provision of the mortgagee clause and, under the circumstances here, required the payment to the mortgagee by the insurer of the amount due under the mortgage amounting to $1,213.50 with interest from October 13, 1944.

In *Ebensburg Building & Loan Ass'n v. Westchester Fire Ins. Co.,* 28 Pa. Superior Ct. 341, decided in 1905, this Court held that the insurer cannot disregard the stipulation of the mortgagee clause requiring payment of the funds to the mortgagee as its interest may appear, as has been done in the instant case. In that case it was held that an action could be brought on a standard policy of fire insurance containing a mortgagee clause in the name of the mortgagee alone; that such mortgagee clause attached to the policy was notice to the insurance company of the rights of the mortgagee; and that, if the company, without the consent of the mortgagee, paid the amount of the loss to the mortgagor, it was still liable to the mortgagee. See *Abbottsford B. & L. Ass'n v. William Penn Fire Insur-*

*ance Co.,* supra. The effect of the inclusion of a mortgagee clause in a fire insurance policy in relation to the disposition of the proceeds payable in the event of loss under the policy is well stated in Appleman, Insurance Law and Practice, §3405, as follows: "A mortgage clause in a fire policy is not, strictly, an assignment of the policy, but is, rather, an agreement between the insurer and the mortgagee as to the disposition of the policy proceeds. . . . The purpose of such a provision is purely to protect the mortgagee's interest, and such interest continues until the mortgage debt is paid. . . .

"The effect of issuing a policy with such a clause is to charge the insurer with a duty to pay the proceeds to the proper person, or persons, if more than one be designated. . . . Upon loss, the holder of mortgage notes recognized by such clause has a superior right to the policy proceeds."

It thus clearly appears that in paying the proceeds of the fire loss incurred under the policies here involved to the owners, the insurer violated the express provision of the mortgagee clause requiring payment to the mortgagee and the court below properly entered judgment on the pleadings in favor of the plaintiff and against the defendant.

The contention that plaintiff-mortgagee's claim is barred by the Statute of Limitations of March 27, 1713, 1 Sm. L. 76, 12 PS §31, is without merit. This contention is based on the assumption that plaintiff's cause of action arose on March 6, 1942, the date of the fire, and therefore cannot be maintained because more than six years had elapsed when plaintiff commenced the action here involved on January 9, 1950. It is true that any action plaintiff might seek to bring on its separate and independent contract of insurance more than six years after the cause of action on such policy

arose on March 6, 1942 would be barred by the statutory limitation. It would also be barred, as noted supra, by the limitation of actions on the policy contained in the policy which bar any right of recovery unless action is commenced within twelve months next after a fire. However, the cause of action in the present proceedings arose not when the fire occurred but when the insurer breached its contract with the plaintiff-mortgagee by paying directly to the insured owners the amount recovered in the suit commenced by them for the recovery of loss incurred under the policies, which suit was, of course, commenced within one year from the date of the fire. If the owners had lost their suit on the policy there would have been no possibility of the mortgagee recovering for the loss under the policies because it had not commenced a separate action within the time limit provided in the policy itself. But when the owners did eventually obtain a judgment against the insurer, affirmed by this Court on January 14, 1949, it was then determined that a loss covered by the policies had occurred. This loss was by the terms of the mortgagee clause payable to the mortgagee as its interest appears and payment to the owners, in disregard of this provision of the mortgagee clause, governing disposition of the proceeds, constituted a breach by the insurer and, at that time, gave rise to a cause of action for such breach on the part of the mortgagee. The commencement of the action here involved on January 9, 1950 was clearly within the statutory period.

The contention of the defendant that plaintiff had abandoned its claim is also without merit. The insurer had notice of the mortgagee clause the purpose of which is to protect the mortgagee's interest. The disposition of any proceeds determined to be payable upon loss incurred under the policies was governed by

the mortgagee clause which imposed a duty on the insurer to pay the proceeds to the mortgagee as its interest may appear. Any other conclusion would render inoperative and ineffective the protection to a mortgagee which the mortgagee clause was designed to provide.

Judgment affirmed.