**First Federal Savings & Loan Association of Pittston v. Cambridge Mutual Fire Insurance Co.**

*Richard A. Russo,* for plaintiff.
*Kathleen A. Lenahan,* for defendant.

DALESSANDRO, *J.*, February 3, 1984 —

## NATURE OF PROCEEDINGS

This matter is before the court en banc on plaintiff's exceptions to the decision (verdict) dated October 18, 1983.

## HISTORY AND FACTS

On July 23, 1981, plaintiff, First Federal Savings and Loan Association of Pittston (First Federal), filed a complaint in assumpsit against defendant, Cambridge Mutual Fire Insurance Company (Cambridge), seeking to recover, as mortgagee, under a fire insurance policy issued by the defendant to Frank and Angelo Sperrazza, mortgagors. Plaintiff eventually filed an amended complaint which defendant answered. On September 23, 1983, this action was tried without a jury. No testimony was presented by either party; rather, the record consists of admissions from the pleadings, exhibits attached to the original complaint, admissions resulting from discovery proceedings, and a stipulation of counsel. A decision (verdict) was entered in defendant's favor on October 18, 1983.

The facts are not in dispute. The Sperrazzas executed a mortgage on May 12, 1979 in favor of First Federal for the sum of $14,500. The mortgage was secured by real estate located at 536-538 Schultz Court, Scranton, Lackawanna County, Pa. Cambridge issued a fire insurance policy on June 14, 1979 covering the property and naming First Federal in the standard mortgagee clause. The policy expired on June 14, 1980.

The property was destroyed by fire on November 19, 1979, during the policy period. The Sperrazzas rendered a timely proof of loss to Cambridge, and the document indicated that First Federal was the

mortgagee. Because the Sperrazzas filed proof of loss, First Federal was not obligated to do so. Beginning with the payment due on April 12, 1981, the Sperrazzas defaulted on the mortgage, and there is currently due and owing thereon the sum of $12,978.03 plus interest and costs. The fire loss exceeded that sum.

First Federal had knowledge of the fire and the destruction it caused within twelve months of the date of the blaze but did not file its own claim under the policy during that period, instead waiting until after the default on the mortgage to do so. Cambridge denied First Federal's claim, asserting that it was untimely pursuant to the terms of the policy. First Federal filed suit on the policy within twelve months of the date Cambridge denied its claim.

## DISCUSSION AND LAW

We are called upon at bar to construe the terms of an insurance contract. The policy in question provides standard coverage for loss by fire and is in the form prescribed by statute for every such policy issued in this Commonwealth. Act of May 17, 1921, P.L. 682, §506, added August 23, 1961, P.L. 1081, §1, 40 P.S. §636. As noted above, the parties agree upon the facts, and after examining the provisions of the policy and applicable law, we have concluded that the trial judge properly rejected plaintiff's claim for damages and found in favor of defendant. Plaintiff's exceptions must therefore be dismissed.

Lines 157-161 of the policy issued by Cambridge provide as follows:

"Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after incep-

tion of the loss." This language is taken directly from the statute cited above and has been described by our Supreme Court as "a legislative determination of a reasonable period within which suits must be brought, a careful balancing of the interests of both insurers and insureds." Schreiber v. Lumberman's Mut. Ins., 498 Pa. 21, 24, 444 A.2d 647, 649 (1982). Because the language is required by statute, the Schreiber Court rejected the property owners' claim that these terms had been forced upon them by the company and that a contract of adhesion was the result. As the court also noted, the validity of this statutorily mandated limitation of suit provision has been consistently upheld. In fact, we have discovered that on at least two occasions, virtually identical language was found not only to bar a claim filed by a property owner against the insurer more than twelve months after loss, but also a claim filed by the mortgagee, as in the instant action.

In Miners Savings Bank of Pittston v. Merchants Fire Ins. Co., 131 Pa.Super. 21, 198 A.495 (1938), for example, the critical dates were as follows: June 2, 1931 — policy with standard mortgagee clause issued to property owners; February 11, 1932 — fire; December 6, 1935 — verdict for insurance company in suit brought by owners within 12 months of fire and after filing proof of loss; December 20, 1935 — suit filed by mortgagee against insurance company. The defense in the latter action was that the suit was barred by the one-year policy limitation period. We quote at length from the opinion of the Superior Court:

The court below, in allowing its motion and entering judgment for the defendant n.o.v., held that the provision of the policy limiting the time within which suit or action must be commenced was binding upon appellant as mortgagee. The correctness

of this conclusion is the sole question before us. The effect of the addition of a standard mortgagee clause to a standard policy of fire insurance is to create a new agreement between the insurance company and the mortgagee. The nature of this agreement has been frequently considered and passed upon by our appellate courts. (Citations omitted.)

Appellant argues that there is nothing in the mortgagee clause to inform the mortgagee that in the event of loss or damage he must commence his suit or action within twelve months after a fire occurs or otherwise his right of recovery is barred. This argument is without force, as it may likewise be said that the mortgagee clause does not state the amount of the insurance, describe the property, or enumerate the terms. "The mortgagee clause is not a complete contract in itself, nor does it profess to be. . . . Resort must still be had to the terms of the policy to ascertain many things which are the very life of the contract." (Citation omitted.)

The policy with the mortgagee clause attached created two contracts; the one insuring the interest of the mortgagors or owners, and the other protecting the interest of the mortgagee. [citation omitted] The contract resulting between the mortgagee and the insurance company was separate, distinct, and independent from the one the insurer had with the owners of the premises. This is composed of the provisions in the mortgagee clause and such of those in the policy as are essentially applicable to the mortgagee clause and the mortgagee's interest. (Citation omitted.) . . .

The time limitation clause in the policy is not antagonistic to, or inconsistent with, the provisions contained in the mortgagee clause annexed to the policy. "It entered into the substance of the contract which plaintiff is seeking to enforce and may prop-

erly be held to bind him as mortgagee to whom the insurer has obligated itself, under certain conditions, by the mortgagee clause. (Citation omitted.) . . ."

. . . It follows from the nature of appellant's contract with defendant that it was bound by the time limitation clause in the policy. Appellant's right of action was independent of any proceedings instituted by the owners or mortgagors. It was not obliged to await the termination of the litigation between the owners or mortgagors and defendant. Its failure to commence its action within twelve months was not due to any act or neglect of the owner or the insurer. We approve of the reasoning and conclusions of those authorities which hold that the mortgagee under the mortgagee clause is bound by the provision in the policy which limits to twelve months the time within which any action upon the policy must be commenced. (Citations omitted.) Assignments of error overruled.

Judgment is affirmed. Id. at 24-28, 198 A. at 496-498.

Similarly, in Satchell v. Ins. Placement Fac. of Pa., 241 Pa.Super. 287, 361 A.2d 375 (1976), defendant issued a standard fire insurance policy to Hazel Satchell, a Philadelphia property owner. Provident Building & Loan Association held a first mortgage on the premises and was designated in the policy as loss payee. In April, 1975, Ms. Satchell and Provident filed a complaint in assumpsit, alleging damage to the property caused by an automobile on December 7, 1971, during the policy period. The insurance company raised the defense of the twelve month contractual limitation of action set forth in the policy. After discussing a procedural issue, the court observed as follows:

". . . Appellant properly asserts "that a standard

mortgagee clause in a fire insurance policy creates a separate, distinct and independent contract of insurance in favor of the mortgagee." Guarantee Trust and Safe Deposit Co. v. Home Mutual Fire Insurance Co., 180 Pa.Super. 1, 4, 117 A.2d 824, 825 (1955). This does not mean, however, that the mortgagee is free to ignore the time limitation contained in the policy. All it means is that the mortgagee's insurable interest is not the same as the owner's. As stated in Guarantee Trust and Safe Deposit Co. v. Home Mutual Fire Insurance Co., supra at 5, 117 A.2d at 826, "[e]ither the owners or the mortgagee could have brought suit to recover for the loss occasioned by the fire. However, in bringing any action on the policy for indemnification of loss both the owners and the mortgagee were bound by the express contractual limitation contained therein which requires that any suit or action on the policy must be commenced within twelve months next after the fire." (Emphasis in original). . . . If the insurance company pays damages to the insured in violation of a mortgagee clause, as occurred in Guarantee Trust and Safe Deposit Co. v. Home Mutual Fire Insurance Co., supra, the twelve month limitation period is not applicable. In the instant case, however, the mortgagee filed suit at the same time as the insured, more than two and one-half years after the expiration of the contractual limitations period, and sought recovery for property damage. The demurrer, therefore, was properly sustained as to the mortgagee as well as to the owner-insured". Id. at 297-298, 361 A.2d at 380. (Emphasis supplied.)

These decisions convince us that First Federal's suit is barred by the policy because it was not instituted within twelve months of the date of the fire. Plaintiff, however, has advanced two arguments in

support of its view that neither the two principal decisions nor the cases cited therein are controlling at bar. First, it contends that the phrase "inception of the loss" in the limitation of action provision has not been construed with respect to a mortgagee and should not be interpreted as meaning the date of the fire. Second, it suggests that certain other language renders the clause ambiguous, thereby requiring a construction most favorable to the insured.

It is true that "inception of the loss" is not defined in the policy. First Federal contends that because the Sperrazzas continued to make their mortgage payments during a seventeen month period after the fire, it suffered no loss, commencing the running of the limitations period and triggering its obligation to file suit within one year, until April, 1981 when the payments ceased or until the date, shortly thereafter, on which Cambridge denied its claim. In either case, according to First Federal, suit was brought within one year, and the action was therefore timely.

This argument is foreclosd by a host of appellate decisions. In our view, Satchell v. Ins. Placement Fac. of Pa., supra, where the clause is identical to the one at bar, expressly holds that the mortgagee, as well as the property owner, suffers a "loss" on the date of the fire and that the running of the limitations period begins on that date. Other opinions are also persuasive. For example, in construing an identical provision in an automobile policy, the court in Petraglia v. American Motorists Ins. Co., 284 Pa. Super. 1, 424 A.2d 1360 (1981), aff'd 498 Pa. 32, 444 A.2d 653 (1982) stated that the limitations period runs "from the date of the occurrence of the destructive event or casualty insured against." Id. at 5, 424 A.2d at 1362, quoting General State Authority v. Planet Ins. Co., 464 Pa. 162, 166, 346 A.2d 265, 267

(1975). Clearly, the casualty insured against with respect to a mortgagee is not the mortgagor's failure to make monthly payments or the insurance company's failure to pay a claim when filed. Obviously, rather, it is the possibility of impairment or destruction of the property, and the mortgagee's security interest therein, by fire or other covered hazard.

First Federal's second proposition is similarly without merit. Lines 74-78 of the policy provide as follows:

If the insured fails to render proof of loss such mortgagee, upon notice, shall render proof of loss in the form herein specified within sixty (60) days thereafter and shall be subject to the provisions hereof relating to appraisal and time of payment and of bringing suit.

Plaintiff contends that this language, when read together with lines 157-161, creates an ambiguity in the policy. Lines 157-161 appear to apply the limitations period to all cases, yet lines 74-78 state that the mortgagee is subject to the clause only if two conditions precedent occur: the insured fails to render proof of loss to the insurer and the insurer furnishes notice to the mortgagee of the insured's failure to do so. It follows, First Federal argues, that because the Sperrazzas did indeed file proof of loss with Cambridge, the first condition precedent to imposing upon it the obligation to sue within one year of the fire did not occur. We are urged to interpret lines 74-78 as overriding lines 157-161 such that First Federal is subject to no limitations period arising from the policy language.

We decline to do so. Under the policy issued by Cambridge, in the form specified by law, it is the insured's obligation in the first instance to file proof of loss and participate in appraisal proceedings if

there is a dispute as to the amount of the loss. Lines 90-122 (proof of loss) and 123-140 (appraisal) make specific reference to the insured. Lines 74-78 do no more than impose these obligations upon the mortgagee if the insured fails to pursue his claim.

However, lines 157-161 (limitation of action) do not mention either the insured or the mortgagee. In mandating this policy language, we do not believe that it was the intent of the legislature to subject a mortgagee to the requirement of bringing suit within one year of the fire only when the insured has failed to file a proof of loss and the company has given notice to the mortgagee. Had it so desired, the legislature could easily have directed that lines 157-161 make specific reference to the insured. Thus, we reject First Federal's argument that construed together, lines 74-78 and 157-161 are ambiguous. They simply impose the same requirement: that the mortgagee institute an action on the policy within one year of the loss.

The United States Court of Appeals for the Ninth Circuit, in Blanton v. Northwestern National Ins. Co., 335 F.2d 965 (9th Cir. 1964) dismissed the very argument pressed here by First Federal, citing Miners Savings Bank of Pittston v. Merchants Fire Ins. Co., supra. Although the Superior Court in that case does not discuss the ambiguity issue, the opinion indeed quotes policy language identical to lines 157-161 at bar, and the court, certainly aware of the provision First Federal claims renders the policy subject to two constructions, had no difficulty in concluding that the mortgagee is subject to the limitation of action provision, even when, as here, the insured files proof of loss. We disagree with the result reached in the one case cited by First Federal to the contrary, Decatur Fed. S. & L. Ass'n. v. York Ins. Co., 147 Ga.App. 797, 50 S.E.2d 524 (1978), a decision which in any event is not binding upon us.

For all the foregoing reasons, plaintiff's exceptions will be dismissed.

## ORDER

Now, February 3, 1984, it is hereby ordered that plaintiff's exceptions to the decision (verdict) dated October 18, 1983 are overruled and dismissed, and the prothonotary is directed to enter judgment on the decision (verdict).